JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Willie Thomas appeals his conviction from the Cuyahoga County Court of Common Pleas. Finding error in the proceedings below, we reverse and remand.
 {¶ 2} Thomas was indicted for one count of robbery in violation of R.C. 2911.02. He proceeded to a jury trial. Neither party requested a jury instruction on the lesser included offense of theft, and no such instruction was given. The jury found Thomas guilty of robbery.
 {¶ 3} Thomas appealed, and his conviction was affirmed by this court in State v. Thomas, Cuyahoga App. No. 82674,2004-Ohio-1907. This court certified a conflict to the Ohio Supreme Court. The Ohio Supreme Court reversed Thomas's conviction for robbery, finding that Thomas was not fleeing immediately after the theft offense, and remanded the case to this court. See State v. Thomas, 106 Ohio St.3d 133,2005-Ohio-4106.
 {¶ 4} The trial court and the parties mistakenly believed that the remand caused the case to come directly before the trial court. Since Thomas was in prison, the trial court quickly ordered him back and held two hearings regarding whether the trial court was required to acquit Thomas or whether it was permitted to enter a conviction for the lesser included offense of theft in violation of R.C. 2913.02. The trial court entered a conviction for misdemeanor theft, sentenced him to six months in prison, with credit for time served, and released Thomas.
 {¶ 5} In the meantime, this court issued an order vacating Thomas's conviction for robbery and remanded the case to the trial court for further proceedings. See State v. Thomas,
Cuyahoga App. No. 82674, 2005-Ohio-5131. No further action was taken by the trial court. Thomas appeals, advancing two assignments of error for our review. We will address only the first assignment of error, because it is dispositive of the case.
 {¶ 6} Thomas's first assignment of error states the following:
 {¶ 7} "The trial court lacked jurisdiction to enter a conviction for misdemeanor theft at a time when the instant case was still being considered by this court."
 {¶ 8} Thomas argues and the state concedes that the trial court did not have jurisdiction when it convicted Thomas of misdemeanor theft. We agree.
 {¶ 9} Because Thomas's case was still pending before this court at the time of the trial court's entry of conviction, the trial court was without jurisdiction. When the trial court enters an order without jurisdiction, its order is void and a nullity.State v. Taogaga, Cuyahoga App. No. 79845, 2002-Ohio-5062. A void judgment puts the parties in the same position they would be in if it had not occurred. Romito v. Maxwell (1967),10 Ohio St.2d 266, 267.
 {¶ 10} We note that our decision here rests strictly upon procedural grounds and is not a criticism of the trial court's now void judgment. We understand that the parties and the trial court were simply proceeding, albeit prematurely, in a manner that would ensure Thomas would not serve unnecessary prison time. Because our order remanding the case to the trial court remains outstanding, however, the trial court must now enter a new judgment and sentence, and we cannot, in this appeal, reach the merits of the trial court's decision to reduce Thomas's conviction for misdemeanor theft.
 {¶ 11} Thomas's first assignment of error is sustained.
Judgment reversed, cause remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant recover of said appellee costs herein taxed. The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Colleen Conway Cooney, P.J., and Diane Karpinski, J., concur.