JUDGMENT: VACATED AND REMANDED
{¶ 1} Defendant-appellant, Michel Abboud ("Abboud"), appeals from several judgments of the Cuyahoga County Court of Common Pleas. In Case No. 87660, he contends that the trial court erred in overruling his motion for a new trial based on juror misconduct and his subsequent motion to vacate the court's judgment overruling his motion for a new trial. In Case No. 88078, he contends that the trial court erred in denying his motion for leave to file a motion for a new trial based on newly acquired evidence. Abboud contends that the trial court was without jurisdiction to rule on the motions because his case was pending on appeal when the court made its rulings.
 {¶ 2} In 2000, a Cuyahoga County grand jury indicted Abboud on charges of kidnapping, aggravated robbery, aggravated burglary, extortion (each with a firearm specification) and coercion. A jury found him guilty of kidnapping, aggravated robbery, aggravated burglary, and coercion, with the attendant gun specifications. This court reversed on appeal, and remanded the case for a new trial. State v. Abboud, Cuyahoga App. No. 80251, 2002-Ohio-4436.
 {¶ 3} After a second trial, the jury found Abboud guilty of unlawful restraint, aggravated burglary with a three-year-firearm specification, and coercion. The trial court sentenced him to eight years incarceration.
 {¶ 4} On January 5, 2005, Abboud filed a notice of appeal regarding his convictions; the case was assigned Case No. 85750. Subsequently, on April 7, 2005, he filed a motion for a new trial in the trial court. In this motion, Abboud asserted that Juror Lawrence Ciancioli had lied on his juror questionnaire and later during voir dire by answering in the negative to a question regarding whether he had any "close friends or family who are members of law enforcement." Abboud's motion asserted that Ciancioli had admitted that he had deliberately concealed the fact that, at the time of trial, he was living with his father-in-law — who was a Westlake police officer during the time the Westlake Police Department investigated the allegations against Abboud — because he wanted to be on the jury. On May 10, 2005, the trial court denied Abboud's motion for a new trial.
 {¶ 5} Subsequently, on November 3, 2005, this court announced its decision affirming Abboud's convictions. State v. Abboud, Cuyahoga App. No. 85750, 2005-Ohio-5847.
 {¶ 6} On December 16, 2005, Abboud filed a motion to vacate the trial court's judgment denying his motion for a new trial. In his motion to vacate, Abboud argued that the trial court should vacate its ruling denying his motion for a new trial because the court had ruled on the motion while his appeal was pending in the Court of Appeals. On January 9, 2006, the trial court denied Abboud's motion to vacate.
 {¶ 7} On January 23, 2006, Abboud filed a notice of appeal from the trial court's judgment denying his motion to vacate. This appeal was assigned Case No. 87660.
 {¶ 8} Subsequently, on April 3, 2006, Abboud filed a motion in the trial court for leave to file a motion for a new trial based on newly discovered evidence. In this motion, Abboud argued that representations made during trial by a Westlake police detective regarding the alleged unavailability of two witnesses for trial were false.
 {¶ 9} On April 12, 2006, the trial court denied Abboud's motion. Abboud subsequently appealed from this judgment; the appeal was assigned Case No. 88078. Case Nos. 87660 and 88078 were sua sponte consolidated by this court for purposes of oral argument and opinion.
 {¶ 10} In his first assignment of error in Case No. 87660, Abboud contends that the trial court erred in denying his motion to vacate its order overruling his motion for a new trial because his appeal was pending in the Court of Appeals when the trial court ruled on the motion for a new trial and, therefore, the trial court had no jurisdiction to rule on the motion. We agree.
 {¶ 11} Once an appeal is taken, the trial court is divested of jurisdiction until the case is remanded to it by the appellate court, except where the retention of jurisdiction is not inconsistent with that of the appellate court to review, affirm, modify, or reverse the order from which the appeal is perfected. State v. Taogaga, Cuyahoga App. No. 79845, 2002-Ohio-5062, at ¶ 18, citing Stewart v. Zone Cab ofCleveland (Jan. 31, 2002), Cuyahoga App. No. 79317. A motion for a new trial is inconsistent with a notice of appeal of the judgment sought to be retried. State v. Loper, Cuyahoga App. Nos. 81297, 81400, 81878, 2003-Ohio-3213, at ¶ 104; State v. Kenney, Cuyahoga App. Nos. 81752 
81879, 2003-Ohio-2046, at ¶ 58, citing City of Richmond Heights v.Brown (June 29, 2000), Cuyahoga App. Nos. 76523 77040; State v.Smith (Nov. 6, 1997), Cuyahoga App. Nos. 69799, 70452, 71643. Therefore, a notice of a direct appeal divests the trial court of jurisdiction to consider a motion for a new trial. Kenney, supra;State v. Yeager, Summit App. No. 21676, 2004-Ohio-1239, at ¶ 8.
 {¶ 12} Here, because Abboud's appeal in Case No. 85750 was pending before this court on May 10, 2005, when the trial court ruled on his motion for a new trial, it is apparent that the trial court had no jurisdiction to rule on the motion. Accordingly, the trial court erred not only in denying the motion, but in subsequently denying the motion to vacate its ruling on the motion for a new trial.
 {¶ 13} Where the trial court enters an order without jurisdiction, its order is void and a nullity. Taogaga, supra; Cashelmara Condominium UnitOwners v. Cashelmara Co. (July 15, 1993), Cuyahoga App. No. 63076. A void judgment puts the parties in the same position they would be in if it had not occurred. Id.; State v. Thomas, Cuyahoga App. No. 87201,2006-Ohio-4750, at ¶ 9, citing Romito v. Maxwell (1967),10 Ohio St.2d 266, 267.
 {¶ 14} Appellant's first assignment of error is sustained.
 {¶ 15} In his second assignment of error in Case No. 87660, Abboud argues that the trial court erred in not notifying him of its ruling denying his motion for a new trial. In his third assignment of error, he argues that the trial court erred in denying his motion for a new trial in light of Juror Ciancioli's misrepresentations.
 {¶ 16} We decline to address these assignments of error. Abboud's appeal in Case No. 87660 was from the trial court's judgment dated January 9, 2006 denying his motion to vacate. Abboud did not timely appeal from the trial court's order dated May 10, 2005 denying his motion for a new trial and cannot now "bootstrap" arguments to seek review of errors from which a timely appeal has not been taken. As this court has previously stated:
 {¶ 17} "'This type of "bootstrapping," to wit, the utilization of a subsequent order to indirectly and untimely appeal a prior order (which was never directly appealed) is procedurally anomalous and inconsistent with the appellate rules which contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order. See, Appellate Rules 3(D), 4(A), 5 and 16(A)(3).'"State v. Gray (May 24, 2001), Cuyahoga App. No. 78467, quoting State v.Church (Nov. 2, 1995), Cuyahoga App. No. 68590. See, also, State v.Terrell (Jan. 13, 2000), Cuyahoga App. No. 76637.
 {¶ 18} Moreover, in light of our resolution of Abboud's first assignment of error in Case No. 87660, assignments of error two and three are moot and we need not consider them. App.R. 12(A)(1)(c). Appellant's second and third assignments of error in Case No. 87660 are therefore overruled.
 {¶ 19} In his first assignment of error in Case No. 88078, Abboud argues that the trial court was without jurisdiction to deny his motion for a new trial based on newly discovered evidence because his appeal was pending in Case No. 87660 when the trial court ruled on the motion. We agree.
 {¶ 20} Abboud filed his notice of appeal in Case No. 87660 on January 23, 2006; his appeal was still pending in this court on April 12, 2006, when the trial court ruled on his motion for a new trial. Accordingly, for the reasons set forth above, the trial court did not have jurisdiction to rule on the motion. Its judgment denying Abboud's motion for a new trial based on newly discovered evidence is therefore void.
 {¶ 21} Appellant's first assignment of error in Case No. 88078 is sustained; in light of our ruling, assignments of error two, three, and four in Case No. 88078, all of which assert further errors regarding the trial court's denial of the motion for a new trial, are moot, and we need not consider them.
 {¶ 22} The trial court's void judgments are vacated and the case is remanded to the trial court for further proceedings consistent with this opinion.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., P.J., and COLLEEN CONWAY COONEY, J., CONCUR.