[Cite as *State v. Jones*, 2011-Ohio-2929.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 95882

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MELVIN JONES

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-396309

**BEFORE:** S. Gallagher, J., Kilbane, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** June 16, 2011

**ATTORNEY FOR APPELLANT**

Dale M. Hartman
2195 South Green Road
University Heights, OH   44121


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Thorin O. Freeman
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113


SEAN C. GALLAGHER, J.:

{¶ 1} Appellant Melvin Jones appeals from a resentencing that occurred in the Cuyahoga County Court of Common Pleas.   For the reasons stated herein, we affirm.

{¶ 2} On September 12, 2000, Jones was indicted on one count of aggravated murder, in violation of R.C. 2903.01, with a firearm specification, and one count of having a weapon while under disability, in violation of R.C. 2923.13, with a firearm specification.   Pursuant to a plea agreement, Jones pled guilty to involuntary manslaughter with a three-year firearm

specification, and he received an agreed-to prison term of 13 years, which included ten years of incarceration for involuntary manslaughter with a mandatory, consecutive three-year term of incarceration for the firearm specification. This court affirmed the conviction in *State v. Jones*, Cuyahoga App. No. 79811, 2002-Ohio-1271.

{¶ 3} In September 2010, because postrelease control was not properly imposed, this court vacated Jones's sentence and remanded the case for a de novo sentencing hearing in accordance with *State v. Singleton*, 129 Ohio St.3d 73, 2009-Ohio-6434, 90 N.E.2d 958. *State v. Jones*, Cuyahoga App. No. 94216, 2010-Ohio-4136. In *Singleton*, the Ohio Supreme Court held as follows: "For criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose post-release control, trial courts shall conduct a de novo sentencing hearing in accordance with decisions of the Ohio Supreme Court." *Singleton*, 129 Ohio St.3d 73, at paragraph one of the syllabus.

{¶ 4} Upon remand, the trial court held a hearing on September 28, 2010. The court incorporated "all that had gone before in this case," and reimposed the original 13-year sentence, with the inclusion of a mandatory five years of postrelease control. The trial court overruled Jones's objection to an undue delay in sentencing. Defense counsel requested that court costs be waived on account of defendant being indigent and in prison. The court

found that costs were imposed originally and that the only change being made to the sentence was the advisement of postrelease control.

{¶ 5} Jones filed this appeal, raising three assignments of error for our review. His first assignment of error provides as follows: "I. The proceedings below were defective in that the court failed to follow the mandate of the court of appeals upon remand by failing to provide a de novo sentencing hearing."

{¶ 6} At the time this court vacated Jones's sentence, Ohio law dictated that the failure to properly impose postrelease control resulted in a void sentence, with the effect that it was a nullity and as if no sentence had been imposed. *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 12. Therefore, we remanded the case for a de novo sentencing hearing in accordance with *Singleton*, 129 Ohio St.3d 73. *Jones*, 2002-Ohio-1271.

{¶ 7} The *Bezak* decision was recently revisited by the Ohio Supreme Court in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. In *Fischer*, the court held that when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, it is only that part of the sentence that is void and subject to review and correction. Id. at ¶ 26-27. The court did not address whether its decision was retroactive or what effect *Fischer* has on sentences that were vacated pursuant to the court's earlier decisions. While the Ohio Supreme Court has taken steps to

clarify the law in areas such as postrelease control, the Adam Walsh Act and Megan's Law, and allied offenses, its holdings continue to leave gaps in the analysis that create uncertainty for the lower courts.

{¶ 8} We recognize that Jones's original sentence was vacated. However, pursuant to *Fischer*, "the new sentencing hearing to which an offender is entitled under *Bezak* is limited to proper imposition of postrelease control." Id. at ¶ 29; see, also, *State v. Hayden*, Cuyahoga App. No. 94955, 2011-Ohio-616. Thus, we find no error with regard to the trial court's reimposition of the original sentence with the proper addition of postrelease control. Jones's first assignment of error is overruled.

{¶ 9} Jones's second assignment of error provides as follows: "II. Defendant received ineffective assistance of counsel."

{¶ 10} Jones fails to argue any errors with regard to the trial court's imposition of postrelease control at resentencing. Further, as we have found no error with regard to the trial court's reimposition of Jones's original sentence with the proper addition of postrelease control, we cannot say that Jones received ineffective representation. Jones's second assignment of error is overruled.

{¶ 11} The third assignment of error provides as follows: "III. The trial court lacked jurisdiction to impose sentence."

{¶ 12} Jones argues that the trial court was divested of jurisdiction to impose a sentence because there was an unreasonable delay in imposing a proper sentence. Crim.R. 32(A) states that "[s]entence shall be imposed without unnecessary delay." Jones was convicted in September 2000; his original sentence was imposed in February 2001; his sentence was rendered void because of postrelease control in September 2010, and he was resentenced with the proper imposition of postrelease control that same month.

{¶ 13} Jones cites to this court's decision in *State v. Mack*, Cuyahoga App. No. 92606, 2009-Ohio-6460, appeal not allowed by 124 Ohio St.3d 1540, 2010-Ohio-1557, 924 N.E.2d 844. *Mack* is distinguishable because the delay in *Mack* involved a lengthy delay between the defendant's conviction and his sentencing for the imposition of community control, which also occurred well after his release from prison.

{¶ 14} This case involves a resentencing for the proper imposition of postrelease control. There was not a long delay between the conviction and sentence or the vacation of sentence and resentencing. This court has previously rejected similar arguments premised upon a resentencing for the imposition of postrelease control. See *State v. Cardamone,* Cuyahoga App. No. 94405*,* 2011-Ohio-818; *State v. Harris*, Cuyahoga App. No. 95010, 2011-Ohio-482; *State v. Jaffal*, Cuyahoga App. No. 93142, 2011-Ohio-419.

Accordingly, we find no unnecessary delay and overrule the third assignment of error.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY EILEEN KILBANE, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR