[Cite as *State v. Najeeb*, 2011-Ohio-6081.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 96689 and 96690**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JAMAEL NAJEEB

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-407801 and CR-409079

**BEFORE:** Blackmon, J., Kilbane, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 23, 2011

**ATTORNEY FOR APPELLANT**

David L. Doughten
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, Ohio 44103


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: T. Allan Regas
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


PATRICIA ANN BLACKMON, J.:

{¶ 1} Appellant Jamael Najeeb ("Najeeb") appeals his convictions for rape, aggravated robbery, felonious assault, and kidnapping and assigns the following error for our review:

> **"A trial court may not correct a sentence which erroneously failed to impose a term of postrelease control when a period of almost nine years has transpired from the original sentencing hearing until the resentencing hearing."**

{¶ 2} Having reviewed the record and pertinent law, we affirm Najeeb's convictions. The apposite facts follow.

### Facts

{¶ 3} Najeeb was indicted in two separate cases. On May 23, 2001, the Cuyahoga County Grand Jury indicted Najeeb in Case No. CR-407801 for four counts of rape, one count of aggravated robbery, one count of felonious assault, and one count of kidnapping. All of the counts included firearm specifications. On June 18, 2001, the Cuyahoga County Grand Jury indicted Najeeb in Case No. CR-409079 for three counts of rape, one count of kidnapping, and one count of aggravated robbery. All of the counts included firearm specifications.

{¶ 4} On April 11, 2002, a joint bench trial was conducted for both cases. In Case No. CR-407801, Najeeb was found guilty of all counts. In Case No. CR-409079, the trial court dismissed the firearm specifications, and the state voluntarily dismissed the aggravated robbery offense. The trial court found Najeeb guilty of the remaining offenses.

{¶ 5} On May 24, 2002, the trial court sentenced Najeeb to a total of seven years in Case No. CR-407801 and ten years in Case No. CR-409079, to be served consecutively with each other. Along with finding Najeeb to be a sexual predator, the court also ordered postrelease control in both cases for "the maximum period allowed for the above felony(s) under R.C. 2967.28."

{¶ 6} On July 12, 2007, Najeeb filed a motion for the trial court to vacate his sentences and provide him a de novo sentencing hearing in both cases due to the court's failure to properly impose postrelease control. On March 18, 2011, the trial court ordered Najeeb to be returned from the penal institution for purposes of conducting a de

novo sentencing hearing and imposed postrelease control for five years on all counts except for the felonious assault count for which the court imposed three years postrelease control.

{¶ 7} On March 25, 2011, Najeeb filed a motion for the trial court to dismiss his convictions based on the delay in entering a valid sentence, which the trial court denied.

## Unreasonable Delay in Resentencing

{¶ 8} In his sole assigned error, Najeeb argues there was an unreasonable delay in resentencing him. He contends that although he was convicted in Case Nos. CR-407801 and CR-409079 in April 2002, he was not sentenced to valid sentences until March 2011 because his original sentences were void due to the trial court's failure to properly impose postrelease control.

{¶ 9} This court has repeatedly held that Crim.R. 32(A)'s requirement that a sentence be imposed without unnecessary delay does not apply to resentencing. *State v. Wright*, Cuyahoga App. No. 95096, 2011-Ohio-733; *State v. Harris*, Cuyahoga App. No. 95010, 2011-Ohio-482; *State v. Coleman*, Cuyahoga App. No. 94866, 2011-Ohio-341; *State v. McQueen*, Cuyahoga App. No. 91370, 2009-Ohio-1085; *State v. Craddock,* Cuyahoga App. No. 94387, 2010-Ohio-5782; *State v. Huber*, Cuyahoga App. No. 85082, 2005-Ohio-2625. In so holding, we rationalized that it is when the original sentence is imposed that determines whether there was unreasonable delay.

{¶ 10} The Ohio Supreme Court's decision in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, supports this conclusion. In *Fischer*, the Court

modified the holding in *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, to the extent that *Fischer* held a "complete de novo resentencing is not required when a defendant prevails only as to the postrelease-control aspect of a particular sentence * * * and the limited resentencing must cover only the postrelease control." *Fischer* at ¶17. In so holding, the Court explained that only the postrelease control portion of the sentence is void, not the entire sentence. In the instant case, Najeeb was convicted on April 11, 2002 and was sentenced a little over a month later on May 24, 2002; therefore, he was clearly sentenced in a timely manner. Accordingly, Najeeb's assigned error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

MARY EILEEN KILBANE, A.J., and
SEAN C. GALLAGHER, J., CONCUR