[Cite as *State v. Bradford*, 2012-Ohio-1058.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97283**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RICARDO BRADFORD

DEFENDANT-APPELLANT

### JUDGMENT:
### AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-442476, CR-443132, CR-445457, CR-451985, and CR-455917

**BEFORE:** Rocco, J., Blackmon, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** March 15, 2012

-i-

**APPELLANT**

Ricardo Bradford, pro se
#472-485
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio   44901

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Kristen L. Sobieski
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

{¶1} Defendant-appellant Ricardo Bradford, proceeding pro se, appeals from the trial court's order that denied his motion to "dismiss all further proceedings" in five underlying cases.

{¶2} Bradford presents one assignment of error. He contends the trial court lost jurisdiction over his cases due to the length of time it took for the court to impose "valid" sentences.

{¶3} Based upon a review of the record and this court's precedent, this court disagrees. Bradford's convictions and sentences, therefore, are affirmed.

{¶4} The record reflects Bradford was indicted in the five underlying cases in 2003 and 2004. He ultimately entered into a plea agreement with the state, whereby a number of the charges were dismissed and Bradford relinquished his right to appeal, in exchange for Bradford's guilty pleas to the following:

(1) CR-442476 - eight counts of felonious assault, all with three-year firearm specifications, two counts of improper discharge of a firearm, and one count of having a weapon while under disability;

(2) CR-443132 - two counts of aggravated robbery, two counts of felonious assault, and two counts of attempted murder, all with three-year firearm specifications;

(3) CR-445457 - three counts of felonious assault on a peace officer, all with peace officer specifications and one with a three-year firearm specification, and failure to comply with order or signal of a police officer, with a peace officer specification;

(4) CR-451985 - intimidation of a crime victim;

(5) CR-455917 - attempted felonious assault, attempted escape, and failure to comply with order or signal of a police officer.

{¶5} After the trial court accepted Bradford's pleas, it imposed consecutive sentences for his convictions in the five cases that totaled 23 years. However, in each of Bradford's cases, the court's journal entry of sentence stated merely that postrelease control was a "part of this prison sentence for the maximum allowed for the above felony(s) under R.C. 2967.28."

{¶6} In June 2007, Bradford filed motions in the trial court in each case seeking postconviction relief; he based his motions upon the trial court's failure to properly impose postrelease control. The following month, the trial court denied his petitions.

{¶7} In April 2008, Bradford filed motions in each case seeking resentencing. All were based upon the trial court's failure to properly advise him of postrelease control. The trial court denied his motions only six days later.

{¶8} In August 2011, Bradford filed motions in the trial court in each case requesting the court to dismiss "all further proceedings" in his cases "due to the unreasonable delay in imposing sentence." Bradford argued that, because his original

sentences were "void" and no valid sentences had been imposed, the trial court lacked jurisdiction to resentence him.

{¶9} In response, the trial court denied Bradford's motions to "dismiss all further proceedings." In the same journal entry, however, the trial court reconsidered its April 2008 denials of Bradford's motions for resentencing; the trial court at this point granted Bradford's motions and eventually scheduled his cases for a resentencing hearing that was conducted on September 20, 2011.

{¶10} The record reflects Bradford filed his notices of appeal in these five cases prior to the date of the scheduled resentencing hearing. Bradford presents one assignment of error for this court's consideration, as follows:

**"I.   The trial court erred by overruling appellant's motion to dismiss because of the delay of time between his original conviction until his actual sentencing was completed."**

{¶11} Bradford asserts that the trial court lost jurisdiction over his cases due to an unreasonable delay in imposing a "valid" sentence. This court previously has addressed and rejected the identical assertion Bradford makes in *State v. Harris*, 8th Dist. No. 95010, 2011-Ohio-482, ¶ 5-8 and *State v. Jones*, 8th Dist. No. 95882, 2011-Ohio-2929, ¶12-14.

{¶12} Thus, more recently, in *State v. Najeeb*, 8th Dist. Nos. 96689 and 96690, 2011-Ohio-6081, ¶ 9-10:

This court has repeatedly held that Crim.R. 32(A)'s requirement that a sentence be imposed without unnecessary delay *does not apply to resentencing*. *State v. Wright*, Cuyahoga App. No. 95096, 2011-Ohio-733; *State v. Harris*, Cuyahoga App. No. 95010, 2011-Ohio-482; *State v. Coleman*, Cuyahoga App. No. 94866, 2011-Ohio-341; *State v. McQueen*, Cuyahoga App. No. 91370, 2009-Ohio-1085; *State v. Craddock*, Cuyahoga App. No. 94387, 2010-Ohio-5782; *State v. Huber*, Cuyahoga App. No. 85082, 2005-Ohio-2625. * * * .

The Ohio Supreme Court's decision in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, supports this conclusion. In *Fischer*, the Court *modified the holding* in *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, to the extent that *Fischer* held a "complete de novo resentencing is not required when a defendant prevails only as to the postrelease-control aspect of a particular sentence * * * and the limited resentencing must cover *only the postrelease control*." *Fischer* at ¶ 17. In so holding, the Court explained that *only the postrelease control portion of the sentence is void, not the entire sentence*. * * * (Emphasis added.)

{¶13} In addition to the foregoing language quoted from *Najeeb*, *see also Fischer* at ¶ 38:

Fischer's theory is that because the trial court did not properly apply postrelease-control sanctions, his sentence was void * * * . Because his sentence was void, he contends, there was no sentence, and without a sentence, no conviction and no final order. * * * . The argument, though creative, fails. (Citations omitted.)

{¶14} Since Bradford had not completed his consecutive terms in these cases at the time he filed his motion to dismiss, the trial court retained jurisdiction to impose valid terms of postrelease control. *State v. Singleton*, 124 Ohio St.3d 973, 2009-Ohio-6434, 920 N.E.2d 958 ¶ 18, citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568. Bradford's assignment of error, accordingly, is overruled.

**{¶15}** The trial court's order is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentences.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KENNETH A. ROCCO, JUDGE

PATRICIA ANN BLACKMON, A.J. and
FRANK D. CELEBREZZE, JR., J. Concur