[Cite as *State v. Braddy*, **2012-Ohio-4720**.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97816

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CHESTER BRADDY

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-420714

**BEFORE:**    Jones, J., Celebrezze, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:**    October 11, 2012

**ATTORNEY FOR APPELLANT**

Brian R. McGraw
1370 Ontario Street, Suite 2000
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

Daniel Van
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Appellant Chester Braddy appeals the trial court's denial of his motion for a de novo sentencing hearing to properly advise of postrelease control. We affirm.

{¶2} On July 31, 2003, a jury convicted Braddy of multiple counts of rape and gross sexual imposition, as well as one count of endangering children. The trial court imposed an aggregate prison sentence of 20 years to life. After a House Bill 180 hearing, Braddy was classified as a sexual predator. Braddy appealed his convictions, which we affirmed in a decision dated June 17, 2004. *State v. Braddy*, 8th Dist. No. 83462, 2004-Ohio-3128.

{¶3} On October 14, 2011, Braddy filed a motion, pro se, seeking a de novo sentencing hearing on the grounds that postrelease control had not been properly imposed. Braddy also argued that his original sentence was not a final appealable order.

{¶4} On November 28, 2011, the trial court convened a hearing that was limited to the proper imposition of postrelease control. The trial court appointed counsel to represent Braddy, who consented to an appearance via video satellite. After finding that Braddy's original sentence was a final appealable order, the trial court proceeded to properly impose postrelease control. Braddy now appeals and asserts one error for our review:

Assignment of Error I: Regarding the failure to properly advise of post release control, the court should reconsider and overrule *State v. Fischer* and return to the standard enunciated in *State v. Bezak*.

**{¶5}** Preliminarily, we note that in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the Ohio Supreme Court held that where postrelease control was erroneously imposed, resentencing is limited to proper imposition of postrelease control. *Id*. The defendant is not entitled to be resentenced on the entire sentence — only the portion that is void may be vacated and otherwise amended. *State v. Gregley*, 8th Dist. No. 97469, 2012-Ohio-3450.

**{¶6}** In the instant case, it is undisputed that postrelease control was not properly imposed because the trial court merely stated that "post release control is part of this prison sentence for the maximum period allowed for the above felony(s) under R.C. 2967.28." The trial court never informed Braddy that it was a mandatory period of five years and did not explain the consequences of violating postrelease control. R.C. 2967.28(B)(1). *See also State v. Griffin*, 8th Dist. No. 83724, 2004-Ohio-4344, ¶ 13, quoting *State v. Jones*, 8th Dist. No. 77657, 2001 Ohio App. Lexis 2330 (May 24, 2001). As previously stated, at the resentencing hearing, the trial court properly imposed postrelease control.

**{¶7}** Consequently, although Braddy was entitled to a new sentencing hearing under *Bezak*, pursuant to *Fischer* that hearing was limited to the issue of postrelease control, which is precisely what occurred in this case. *State v. Harris*, 132 Ohio St.3d

318, 2012-Ohio-1908, 972 N.E.2d 509. As an appellate court, we are without power to overrule a supreme court decision as appellant proposes.

**{¶8}** The sole assignment of error is overruled.

**{¶9}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

LARRY A. JONES, SR., JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
COLLEEN CONWAY COONEY, J., CONCUR