[Cite as *State v. Williamson*, 2014-Ohio-3909.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 100563 and 101115**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs**.**

## MICHAEL WILLIAMSON

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeals from the
Cuyahoga County Court of Common Pleas
Case No. CR-01-406972

**BEFORE:** E.A. Gallagher, P.J., E.T. Gallagher, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** September 11, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
BY: Cullen Sweeney
Assistant Cuyahoga County Public Defender
310 Lakeside Avenue
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Mary McGrath
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, P.J.:

**{¶1}** Michael Williamson ("Williamson"), in these consolidated appeals, appeals from a nunc pro tunc journal entry issued by the Cuyahoga County   Court of Common Pleas on September 30, 2013, and from a hearing conducted on February 13, 2014. Williamson argues that the trial court may not use a nunc pro tunc journal entry to impose postrelease control without first holding a new sentencing hearing and that the trial court was without jurisdiction to conduct the February 13, 2014 hearing.   He seeks to vacate the trial court's nunc pro tunc entry and remand for a new sentencing hearing on the issue of postrelease control in one case and to vacate the entry relating to the February 13, 2014 hearing.   For the following reasons, we reverse.

**{¶2}** In 2001, Williamson was convicted of 12 counts of rape in violation of R.C. 2907.02 and was sentenced to 12 consecutive life terms.   This court affirmed his convictions in *State v.Williamson*, 8th Dist. Cuyahoga No. 80982, 2002-Ohio-6503.   At that time, Williamson did not raise any errors regarding his sentence or issues as to postrelease control.

**{¶3}** In 2011, Williamson filed, pro se, a "motion to vacate void judgment and order new sentencing hearing." In that motion, Williamson states: "The court notified the Defendant about postrelease control during his sentencing being part of his prison sentence * * * " but he went on to claim that the trial court neglected to advise him of the ramifications of violating postrelease control.   He claimed that this defect rendered his sentence void and that the court should conduct a de novo sentencing hearing. Williamson, however, failed to attach to the motion a copy of the transcript of the 2002

sentencing hearing in order to demonstrate the alleged inadequate notification by the trial court.

{¶4} In its response to Williamson's motion, the state argued that because Williamson failed to provide a copy of the sentencing transcript to support his claim that he was inadequately advised of his postrelease control, his motion should be denied. The state requested, however, that the trial court conduct a sentencing hearing prior to his first scheduled parole hearing date, in November 2012 for the purpose of properly imposing postrelease control.

{¶5} In February 2012, the trial court issued a judgment entry, stating, "motion to vacate void judgment and order new sentencing hearing is hereby denied. Court will resentence defendant on PRC issue only prior to release from prison if necessary." Williamson did not appeal from this order.

{¶6} In November 2012, Williamson filed a "motion to correct sentence," pro se. Again, Williamson indicated that "Defendant was advised [of] postrelease control is a part of this prison sentence for the maximum period allowed for the above felonies under Ohio Revised Code 2967.28" and he requested a new sentencing hearing. The trial court denied the motion. Williamson appealed, raising seven assignments of error. He claimed the trial court (1) erred in not advising him of his right to a direct appeal, (2) failed to consider the sentencing principles set forth in R.C. 2929.11 and 2929.12, (3) failed to determine the days of jail-time credit, (4) entered an incorrect journal entry, (5) failed to advise him of his registration duties as a sexual predator, (6) erred by not

merging the 12 counts of rape at sentencing and (7) failed to properly impose postrelease control.

{¶7} This court found Williamson's claims were barred under the doctrine of res judicata, with one exception: the claim regarding the trial court's failure to fully advise him of postrelease control at sentencing and to properly impose postrelease control in the sentencing entry. *State v. Williamson*, 8th Dist. Cuyahoga No. 99473, 2013-Ohio-3733, ¶ 11 ("*Williamson* II"). We noted that, pursuant to *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the principles of res judicata did not preclude appellate review of Williamson's allegedly void sentence despite the fact that he did not raise the error on direct appeal. Because Williamson failed to provide the transcript of his 2002 sentencing hearing and, through his motions, represented that he was advised of postrelease control, albeit in his opinion inadequately, this court presumed the regularity and propriety of the lower court's proceedings and found that Williamson had been properly notified of postrelease control at sentencing. *Id*. at ¶ 16.

{¶8} We found, however, that the trial court failed to include the proper postrelease notification in Williamson's sentencing judgment entry and issued a limited remand for correction of the error with a nunc pro tunc journal entry. *Id*. at ¶ 23.

{¶9} On September 30, 2013, the trial court issued a corrective nunc pro tunc journal entry. Williamson appealed the nunc pro tunc entry in Court of Appeals Case No. 100563, raising the following two assignments of error:

> 1. The trial court erred in imposing postrelease control by a "conventional" nunc pro tunc journal entry when it did not impose postrelease control at the

original sentencing hearing.

2. The trial court erred in imposing postrelease control by nunc pro tunc journal entry when it did not impose postrelease control at the original sentencing hearing or at any subsequent hearing.

**{¶10}** While that appeal was pending, the trial court ordered Williamson to appear for a resentencing hearing and, on February 13, 2014, the trial court held a hearing for the limited purpose of properly advising Williamson of his postrelease control. Williamson appealed from the order resulting from that hearing in Court of Appeals Case No. 101115, raising the following two assignments of error:

1. The trial court erred by conducting a hearing to remedy its previous failure to advise appellant of postrelease control, without having jurisdiction to do so.

2. The trial court erred, having failed to impose postrelease control at appellant's sentencing, erred by conducting a subsequent hearing limited to the narrow scope of postrelease control notification, rather than conducting a new sentencing hearing.

**{¶11}** We have consolidated the two appeals for appropriate resolution. Both Williamson's assignments of error in Court of Appeals Case No. 100563 argue that he was not properly advised of postrelease control at his original sentencing hearing in 2002.

**{¶12}** A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata and may be reviewed at any time, on direct appeal or by collateral attack. *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus. A trial court may correct the omission at a new sentencing hearing. *Id*. Williamson relies on *State*

*v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, to support the proposition that ordinarily nunc pro tunc journal entries cannot serve to correct the failure to notify a defendant of postrelease control at a sentencing hearing. *Id*. at ¶ 26. Instead, a new sentencing hearing must be held for the narrow purpose of proper imposition of postrelease control. *Fischer* at ¶ 29.

{¶13} This is the second time that Williamson has placed the issue of "improper" imposition of postrelease control at his 2002 sentencing hearing before this court. In *Williamson* II, he failed to submit a transcript of his 2002 sentencing hearing to support his claims. When an appellant claims an improper postrelease control notification at the sentencing hearing, "but fails to include in the record a transcript of the sentencing hearing, the reviewing court must presume the regularity and propriety of that hearing and find that appellant was properly notified." In *Williamson* II we held that:

> [W]here a defendant failed to demonstrate a deficiency of postrelease control notification at the sentencing hearing, but the judgment entry failed to include a full notification, the defendant is not entitled to a new sentencing hearing regarding the postrelease control, because a nunc pro tunc entry may be used to correct any omission.

*Id.* ¶18

{¶14} This court now has the original transcript of Williamson's sentencing before it. Ordinarily, the doctrines of res judicata and the law of the case would preclude further review of this matter. *Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus instructs us that the rules of res judicata and the law of the case do not apply in the face of a void sentence.

**{¶15}** However, this is not the ordinary case but rather an anomaly wrapped in an enigma. While we do not countenance multiple appeals of the same issues and recognize the doctrine of the law of the case, we must preserve the sanctity of the Constitutions of the United States and the State of Ohio and assure that this appellant is afforded due process of law. The bottom line is that, with the benefit of the transcript, it is now clear that the trial court never advised Williamson at sentencing of any of the postrelease control provisions and, therefore, the mandate of this court to issue a nunc pro tunc order was without foundation.

**{¶16}** The trial court could not nunc what it did not first tunc.

**{¶17}** We find merit to Williamson's assignments of error in Court of Appeals Case No. 100563.

**{¶18}** As to the first assignment of error in appellate Court Case No. 101115, once an appeal is taken, the trial court is divested of jurisdiction until the case is remanded to it by the appellate court, except where the retention of jurisdiction is not inconsistent with that of the appellate court to review, affirm, modify, or reverse the order from which the appeal is perfected. *State v. Abboud*, 8th Dist. Cuyahoga Nos. 87660 and 88078, 2006-Ohio-6587, ¶ 11, citing *State v. Taogaga*, 8th Dist. Cuyahoga No. 79845, 2002-Ohio-5062; *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97, 387 N.E.2d 162 (1978). Where the trial court enters an order without jurisdiction, its order is void and a nullity. *Abboud* at ¶ 13. A void judgment puts the parties in the same position they would be in if it had not occurred. *Abboud* at ¶ 13.

As Williamson's appeal of the trial court's nunc pro tunc journal entry was pending at the time of the trial court's resentencing hearing, we agree that the lower court was without jurisdiction and its action is void.

{¶19} Williamson's first assignment of error in appellate Case No. 101115 is sustained.

{¶20} Finally, in his second assignment of error in appellate Case No. 101115 Williamson argues that he is entitled to a de novo resentencing. However, pursuant to *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus the new sentencing hearing to which an offender is entitled is limited to proper imposition of postrelease control. *State v. White*, 8th Dist. Cuyahoga No. 99280, 2013-Ohio-3808, ¶ 9; *State v. Jones*, 8th Dist. Cuyahoga No. 95882, 2011-Ohio-2929, ¶ 8; *State v. Braddy*, 8th Dist. Cuyahoga No. 97816, 2012-Ohio-4720, ¶ 7.

{¶21} Williamson's second assignment of error in appellate Case No. 101115 is overruled.

{¶22} The judgment of the trial court is reversed.

{¶23} We remand this case for vacation of the order dated February 13, 2014 and a new sentencing hearing limited to the advisement of postrelease control.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.

_____

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
MELODY J. STEWART, J., CONCUR