[Cite as *State v. Loyed*, 2014-Ohio-5141.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 101054**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**TYRONE LOYED**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED IN PART AND VACATED IN PART

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-02-430383-ZA

**BEFORE:**  Stewart, J., Celebrezze, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**  November 20, 2014

**FOR APPELLANT**

Tyrone Loyed, pro se
Inmate No. 450-176
Marion Correctional Institution
P.O. Box 57
Marion, OH    43302


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Amy Venesile
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH    44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Tyrone Loyed, pro se, appeals the judgment of the Cuyahoga County Court of Common Pleas denying his motion to vacate sentence. For the following reasons, we affirm in part and reverse in part.

{¶2} On May 20, 2003, a jury convicted Loyed of aggravated murder in violation of R.C. 2903.01, enhanced with a firearm specification, and having a weapon while under disability in violation of R.C. 2923.13. On May 27, 2003, the court sentenced Loyed to a three-year term of imprisonment on the firearm specification, 20 years to life on the aggravated murder charge, and 11 months on the disability charge. The court ordered the firearm specification to be served consecutively with, and prior to, the aggravated murder, and ordered the disability charge to be served concurrent with the aggravated murder charge. At sentencing the court ordered postrelease control for a term of up to and including five years. The sentencing entry ordered a term of postrelease control for the "maximum period allowed for the felony(s) under R.C. 2967.28."

{¶3} On June 25, 2003, Loyed filed a direct appeal and this court affirmed his convictions. *State v. Loyed*, 8th Dist. Cuyahoga No. 83075, 2004-Ohio-3961. In his direct appeal, Loyed's only assignments of error related to an alleged improper jury instruction and an alleged improper limitation of testimony at trial. *Id.* Loyed never raised any assignments of error relating to his sentence or the impropriety of his conviction on the weapon disability charge. *Id.* Then, on December 12, 2013, appellant filed a motion captioned "Motion to Vacate Sentence" with the trial court. In his motion, Loyed argued that the court should vacate his sentence because the court improperly imposed postrelease control. His motion also argued that the trial court erred in convicting him of the disability charge because his prior felony conviction

that established the disability charge was also void due to the improper imposition of postrelease control. On February 10, 2014, the trial court denied Loyed's motion to vacate his sentence.

{¶4} In his first assigned error, Loyed offers two reasons why the imposition of postrelease control was void in this case. First, Loyed argues that the court improperly imposed postrelease control because he was not advised of the consequences of a postrelease control violation — specifically he argues that he was not advised that he could be returned to prison for up to one half of his original sentence for a violation of the terms of postrelease control.

{¶5} It is mandatory that every person ordered to serve a term of postrelease control be notified of the consequences for a violation of postrelease control. *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 8. However, the record reflects that Loyed was advised at sentencing that he was subject to postrelease control and was advised of the potential consequences for a violation of the terms of postrelease control. According to the sentencing transcript the court stated:

> And Mr. Loyed, the Post-Release Control consequences to the extent that if you ever are released, you will be on Post-Release Control for a period of up to five years. And it could have conditions attached. Any violation of any conditions that might be attached to Post-Release Control, could result in additional consequences up to and including re-indictment, and/or re-incarceration for up to one-half of the original sentence.

Therefore, we find no merit to Loyed's argument that postrelease control was improperly imposed because he was not notified of the consequences of a violation.

{¶6} Next, Loyed argues that the court improperly imposed postrelease control because it did not distinguish between the aggravated murder charge and the disability charge when attaching postrelease control to his sentence. Loyed argues that a conviction for aggravated murder is not subject to postrelease control and therefore his sentence is void.

**{¶7}** Aggravated murder is an unclassified felony that is not subject to postrelease control. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 36 (stating "[A]n individual sentenced for aggravated murder is not subject to post-release control because that crime is an unclassified felony to which the postrelease control statute does not apply."). Therefore, if the trial court imposed postrelease control as part of the sentence for Loyed's aggravated murder conviction, that portion of the sentence would be void and subject to a proper collateral attack. *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, ¶ 10, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph two of the syllabus.

**{¶8}** However, the crime of having a weapon while under disability is a classified third-degree felony. R.C. 2923.13 (B). The postrelease control statute, R.C. 2967.28, requires that an offender convicted of a third-degree felony be subject to a period of postrelease control for up to three years after the offender's release from prison, if the parole board determines that a period of postrelease control is necessary for that offender. R.C. 2967.28(C). R.C. 2967.28(C) has come to be known as discretionary postrelease control. *See Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, ¶ 44. Pursuant to R.C. 2967.28(C), a trial court must inform a defendant at sentencing that discretionary postrelease control is part of his sentence. *Id.* citing *Woods v. Telb*, 89 Ohio St.3d 504, 513, 733 N.E.2d 1103 (2000).[1]

---

[1] It is a requirement that the courts advise offenders that they will be subject to mandatory or discretionary postrelease control, if either applies under R.C. 2967.28. The "discretionary" aspect of discretionary postrelease control refers to the parole board's discretion in deciding the length of postrelease control, if the parole board determines that postrelease control is necessary for the offender. *See* R.C. 2967.28(C); *Telb* at 511–512.

{¶9} Consequently, because the trial court was required to inform Loyed that discretionary postrelease control was part of his sentence, and Loyed has failed to point to any evidence in the record that shows that the trial court imposed postrelease control on the aggravated murder conviction, we presume that the trial court imposed postrelease control on the disability charge when it ordered the term of postrelease control. *State v. Bonds,* 8th Dist. Cuyahoga No. 83866, 2004-Ohio-3483, ¶ 14 (explaining that the court presumes regularity when the appellant does not provide the reviewing court with a record of facts, testimony, and evidence supporting his assignment of error).

{¶10} However, we find that the trial court did err by imposing the wrong period of postrelease control on the conviction for the disability charge. In *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the Ohio Supreme Court stated that postrelease control is void if the court fails to follow the statutory mandates required to impose postrelease control. *Id.* at ¶ 10, 26. R.C. 2967.28(C) mandates that a court advise an offender convicted of a third-degree felony that he will be subject to a term of postrelease control up to three years. Here, the trial court wrongly notified Loyed that he would be subject to postrelease control for up to five years. Because the trial court failed to follow the requirements of the postrelease control statute, the portion of Loyed's sentence relating to postrelease control is void. *See Fischer* at paragraphs one and two of the syllabus.

{¶11} Traditionally, we would remand to the trial court for resentencing when we find that the court improperly imposed postrelease control. *See id.* at paragraph two of the syllabus. However, where an appellant has already served his prison sentence on an offense, he may not be resentenced to postrelease control on that offense, regardless of whether the offender is still in prison for other offenses. *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d

382, ¶ 19.   Thus, because Loyed has already served his prison sentence on the disability charge, we must vacate the order of postrelease control.   If Loyed should ever be released from prison, he will not be subject to postrelease control, rather he will be subject to parole supervision on the aggravated murder charge.

{¶12} In his second assignment of error, Loyed argues that the trial court erred by convicting him of the disability charge because his prior conviction for preparation of drugs for sale under R.C. 2925.07, that was the basis for the disability charge, was void due to the court's failure to impose postrelease control in that case.   We disagree.

{¶13} Even assuming, without deciding, that the court failed to properly impose postrelease control in Loyed's drug case, this failure would have no impact on the validity of his later disability conviction.   Loyed argues that because a conviction is the combination of a guilty finding and a sentence, *see State v. Damron*, 129 Ohio St.3d 86, 2011-Ohio-2268, 950 N.E.2d 512, ¶ 17, an invalid sentence renders his conviction void.   While the proposition of law is correct, what Loyed fails to understand is that the improper imposition of postrelease control does not render a sentence invalid.   In *Fischer*, the Ohio Supreme Court explained, in no uncertain terms, that the failure to advise a defendant of postrelease control at sentencing or the failure to properly impose postrelease control in the journal entry, does not render a sentence void.   *See Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 9; *see also State v. Bradford*, 8th Dist. Cuyahoga No. 97283, 2012-Ohio-1058, ¶ 12;   *State v. Woods*, 8th Dist. Cuyahoga No. 96487, 2011-Ohio-5825, ¶ 6.   Rather, only that portion of the sentence improperly imposing postrelease control is void.   *Fischer* at ¶ 9.   While the void portion of the sentence relating to postrelease control may be reviewed at any time on direct appeal or by

collateral attack, the doctrine of res judicata applies to the other aspects of a conviction, including the guilt phase and the lawful elements of the sentence. *Id.* at ¶ 40.

{¶14} Loyed never challenged the propriety of his prior drug conviction when he had the opportunity to do so on direct appeal, thus his drug conviction remains valid. Because Loyed's drug conviction was valid at the time he committed the aggravated murder, the trial court did not err by refusing to vacate his disability conviction. Loyed's second assignment of error is overruled.

{¶15} Loyed's convictions are affirmed, but the portion of his sentence related to postrelease control is vacated.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN T. GALLAGHER, J., CONCUR