[Cite as *State v. Ester*, 2022-Ohio-3678.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 111689 |
| ROBERT ESTER, JR., | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** October 13, 2022

---

Criminal Appeal from the Cuyahoga County Common Pleas Court
Case No. CR-21-656846-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Steven Szelagiewicz, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Michael V. Wilhelm, Assistant Public Defender, *for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Appellant, Robert Ester, Jr., has appealed following the trial court's denial of his motion to withdraw his plea.

{¶ 2} Specifically, Ester raises the following assignments of error:

1. Mr. Ester's guilty plea was not knowingly, voluntarily, and intelligently made because the trial court failed to inform him of mandatory post-release control.

2. Mr. Ester's guilty plea was not knowingly, voluntarily, and intelligently made because the trial court failed to inform him of the penalties of importuning, domestic violence, and gross-sexual imposition.

3. The trial court abused its discretion when it denied Mr. Ester's motion to vacate his guilty plea.

{¶ 3} The state of Ohio conceded the error set forth in the first assignment of error and, in light of that concession, declined to address the remaining assignments of error.

{¶ 4} We find that the record is devoid of any advisement to the appellant, by the trial court, of the potential penalties to which he would be exposed if he entered guilty pleas. Further, the record is devoid of any advisement to the appellant of the fact that a mandatory term of postrelease control would be imposed following any *prison* term served. We note that R.C. 2967.28 applies only to prison terms and not to terms of local incarceration.

{¶ 5} Although the appellant was ultimately sentenced to time served in the Cuyahoga County Jail and placed under community-control sanctions for the crimes to which he entered guilty pleas, he was entitled to the advisement of mandatory postrelease control at the time of his plea.

{¶ 6} In its nunc pro tunc sentencing journal entry the trial court included the following:

As a result of the conviction(s) in this case and the imposition of a prison sentence, and pursuant to R.C. 2967.28 (F)(4)(c). The

defendant will/may be subject to a period of post-release control of a mandatory 5 years.

{¶ 7} As we previously stated in *State v. Williamson*, 8th Dist. Cuyahoga Nos. 100563 and 101115, 2014-Ohio-3909, "The trial court could not nunc what it did not first tunc."

{¶ 8} As the trial court failed to conduct a proper Crim.R. 11 colloquy in this case, we sustain the first and second assignments of error, vacate the appellant's sentences and convictions and remand the case to the trial court for further proceedings consistent with this opinion.

{¶ 9} Our resolution of the first and second assignments of error renders the third assignment of error moot. *See* App. 12(A)(1)(c).

{¶ 10} Judgment vacated and remanded.

It is ordered that appellant recover of appellee costs herein taxed.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN A. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EMANUELLA D. GROVES, J., CONCUR