DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Andre Yeager has appealed from a decision of the Summit County Court of Common Pleas that denied his motion for a new trial. This Court vacates and remands for further proceedings consistent with this opinion.
 I {¶ 2} In January and February 2002, Appellant and several co-defendants were indicted on numerous counts of breaking and entering, in violation of R.C. 2911.13(A); receiving stolen property, in violation of R.C. 2913.51(A); and engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A). Appellant pleaded not guilty to the counts as charged in the indictment, and the matter was set for trial.
 {¶ 3} After the prosecution rested its case, the trial court dismissed several counts of the indictment. On April 24, 2002, the jury found Appellant guilty of breaking and entering, a felony in the fifth degree, as contained in counts five, nine, ten, and eleven of supplement two to the indictment. The jury also found Appellant guilty of receiving stolen property, a felony of the fourth degree, as contained in count twenty-four of supplement five to the indictment. However, Appellant was found not guilty of breaking and entering as contained in counts seven, eight, and twelve of supplement two to the indictment. The jury was deadlocked on the charges of breaking and entering and engaging in a pattern of corrupt activity, as contained in counts thirteen and sixteen, respectively, of supplement two to the indictment. The trial court then sentenced Appellant to a definite term of twelve months imprisonment on each count of breaking and entering and a definite term of eighteen months imprisonment for one count of receiving stolen property. The trial court ordered the sentences to be served consecutively, yielding a total of five and one-half years imprisonment. Appellant appealed the trial court's decision to this Court and this Court affirmed the decision of the trial court. State v.Yeager, 9th Dist. Nos. 21091, 21112, 21120, 2003-Ohio-1808, appeal denied (2004), 101 Ohio St.3d 1422.
 {¶ 4} While Appellant's direct appeal of his first trial was pending, a second trial was held on the charge of intimidation of a victim or witness, in violation of R.C. 2921.04(B), as contained in counts thirty and thirty-one of supplements six and seven to the indictment; and the charge of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A)(1), as contained in count sixteen of supplement two to the indictment. On March 12, 2003, the jury returned a verdict of guilty on all counts. Appellant was sentenced accordingly. Appellant appealed his convictions on April 3, 2003; the matter is still pending before this Court.
 {¶ 5} While Appellant's direct appeal of his second trial was pending, Appellant filed a pro se petition for post-conviction relief on April 7, 2003. Appellant also filed a pro se motion for a new trial on July 7, 2003. In an order dated September 25, 2003, the trial court denied both of Appellant's post-conviction motions, stating:
"[Appellant's] Petition for Post-Conviction Relief, filed April 7, 2003, pertains to the first trial and was not timely filed within 180 days as required by R.C. 2953.21(A)(2). * * * [Appellant] has not complied with R.C. 2953.23(A), [and] this Court does not have jurisdiction to consider the petition. After careful consideration, the Court hereby DENIES [Appellant's] Petition for Post-Conviction Relief.
"[Appellant] requests that the petition also be considered as a Motion for a New Trial. Defendant argues in this motion that he has newly discovered evidence. This motion is outside the 120 days allowed by Crim.R. 33(B). * * * After careful consideration, the Court hereby DENIES this motion.
"The Motion for a New Trial Based on Newly Discovered Evidence, filed July 7, 2003, contains seven claims. [Appellant] has not shown by clear and convincing evidence that he was unavoidably prevented from discovering the facts underlying those claims. See Crim.R. 33(B). After careful consideration, the Court hereby DENIES this motion."
 {¶ 6} Appellant has timely appealed the trial court's denial of his July 7, 2003 motion for a new trial, asserting three assignments of error. We have consolidated Appellant's assignments of error to facilitate review.
 II Assignment of Error Number One
"The trial court abused its discretion and denied appellant hisfourteenth amendment due process right, and acted in a capricious and arbitrary manner by denying appellant's motion for [a] new trial based on newly discovered evidence claiming actual innocence and failure to review would create a manifest miscarriage of justice where it was clear from the face of the petition/record that appellant was unavoidably prevented from discovering the facts underlying his claims[.]"
 Assignment of Error Number Two
"The trial court abused its discretion and acted capricious and in a[n] arbitrary manner by denying appellant's motion for [a] new trial based on newly discovered evidence where the misconduct of the prosecution and detectives materially and prejudicially interferred with appellant's fundamental right to a fair trial and impartial trial as mandated by the fifth andfourteenth amendment[s] of the united states constitution, and article I, section 5 and 16 of the ohio constitution[.]"
 Assignment of Error Number Three
"The trial court abused its discretion and violated appellant's due process provision[s] of the fifth and fourteenth amendment[s] to the united states constitution where [the trial court] dismissed appellant's motion for [a] new trial based on newly discovered evidence without an evidentiary hearing because it effectively precluded appellant from litigating the merits of his acutal innocence claim that is predicated on the claims of prosecution misconduct, police misconduct, and witness misconduct where they purposely testified falsely thereby committing perjury[.]"
 {¶ 7} In Appellant's first, second, and third assignments of error, he has essentially argued that the trial court erred by denying his motion for a new trial. He has further argued that the trial court erred by denying his motion without an evidentiary hearing.
 {¶ 8} In State v. Harmon, 9th Dist. No. 21465, 2003-Ohio-5052, this Court explained that "[w]hen a defendant has filed a direct appeal, the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment." Harmon, 2003-Ohio-5052, at ¶ 9, citing Majnaric v. Majnaric (1975),46 Ohio App.2d 157, 158-159. We further stated that "`[a] motion for a new trial is inconsistent with a notice of appeal of the judgment sought to be retried.'" Harmon, 2003-Ohio-5052, ¶ 9, quoting State v. Loper, 8th Dist. Nos. 81297, 81400, and 81878, 2003-Ohio-3213, at ¶ 104, discretionary appeal not allowed (2003), 100 Ohio St.3d 1486. Based upon these principles of law, we held that a notice of a direct appeal divests the trial court of jurisdiction to consider a motion for a new trial. Harmon, 2003-Ohio-5052, at ¶ 9.
 {¶ 9} In the instant matter, Appellant filed a motion for a new trial on July 7, 2003, while his direct appeal from his second trial was pending before this Court and the trial court ruled on Appellant's motion. In accordance with our holding inHarmon, we find that Appellant's notice of a direct appeal divested the trial court of jurisdiction to consider his motion for a new trial. Harmon, 2003-Ohio-5052, at ¶ 9. We therefore find that the trial court erred in deciding Appellant's motion for a new trial on its merits. As such, the decision of the trial court is vacated. Appellant's assignment of error is without merit.
 III {¶ 10} Appellant's assignment of error is overruled. The judgment of the trial court is vacated and the matter is remanded for further proceedings consistent with this opinion.
Judgment vacated, and cause remanded.
Carr, P.J. and Batchelder, J. concur.