OPINION
{¶ 1} This is a postconviction proceeding. Appellant, Steven H. Scheidel, was denied relief in the trial court on his motion for postconviction relief. His motion asserted that he did not receive a fair trial because the prosecutor withheld exculpatory evidence. Based on our review of the trial court proceedings, we affirm the decision of the trial court.
 {¶ 2} Scheidel was convicted of two counts of rape, one count of attempted rape, and two counts of kidnapping. He received sentences of life imprisonment, eight years, and ten years, respectively, for these crimes. He was sentenced on June 5, 2003 and filed a notice of appeal to this court on July 2, 2003.[1]
 {¶ 3} Thereafter, on July 10, 2003, he filed a motion for a new trial. The trial court made no ruling on this motion. Scheidel then filed a pleading entitled "Supplement to Plaintiff's, Steven Scheidel's, Previously Filed Motion for New Trial And Petitioner's, Steven Scheidel's, Motion for Postconviction Relief Under R.C. 2953.21." This latter pleading was filed on March 8, 2004. Scheidel sought postconviction relief on the grounds that the state of Ohio failed to disclose evidence favorable to him, that such evidence was material to guilt or innocence, and that such failure violated state law and the United States Constitution. Without a hearing, the trial court found that the March 8, 2004 pleading contained allegations already asserted in his companion case on appeal to this court, that it raised no new matter, and overruled the motion for postconviction relief. The trial court's order denying relief was dated July 12, 2004, and it is from that order that Scheidel has prosecuted the instant appeal.
 {¶ 4} In this appeal, Scheidel has asserted three assignments of error, the first of which is:
 {¶ 5} "The trial court erred in denying Appellant's Petition for Post-Conviction Relief without the benefit of a hearing."
 {¶ 6} The statute governing the filing of a petition for postconviction relief reads, in pertinent part:
 {¶ 7} "(A)(1)(a) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. * * *
 {¶ 8} "(C) The court shall consider a petition that is timely filed * * * even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.
 {¶ 9} "* * *
 {¶ 10} "(E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending."[2]
 {¶ 11} This statute "does not expressly mandate a hearing for every post-conviction relief petition and, therefore, a hearing is not automatically required."[3] As the court in theState v. Jackson case stated, "the pivotal concern is whether there are substantive grounds for relief which would warrant a hearing based upon the petition, the supporting affidavit and the files and records of this cause."[4]
 {¶ 12} Scheidel's motion for postconviction relief focused entirely on the failure of the prosecutor to disclose exculpatory evidence to him prior to trial, an alleged violation of the holding of Brady v. Maryland.[5] His motion was supported by an affidavit of his attorney detailing the attorney's efforts to seek discovery of all exculpatory evidence, as well as a transmittal letter to the clerk of courts reflecting the filing of a request for a bill of particulars and other discovery requests.
 {¶ 13} The trial court found that Scheidel did not present substantive grounds for relief because the allegations in his petition for postconviction relief were the same as those raised in his first assignment of error in the direct appeal now pending in this court. That assignment of error states:
 {¶ 14} "Steven Scheidel was deprived of his due process right to a fair trial by the Prosecutor's failure to provide defense counsel evidence of prior inconsistent statements made by the alleged victim prior to being interviewed by children's services, evidence that was exculpatory and material to guilt or punishment."
 {¶ 15} In its conclusions of law, the trial court held that Scheidel's claim was "barred from being considered in the present post conviction proceeding" under to the doctrine of res judicata. In support thereof, the trial court cited State v.Szefcyk for the proposition that res judicata bars Scheidel's claim if that same claim has been raised or could be raised in his direct appeal:
 {¶ 16} "`Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could havebeen raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.'"[6]
 {¶ 17} The trial court then "overruled" Scheidel's motion for postconviction relief.
 {¶ 18} If Scheidel is to overcome the overruling of his motion based on res judicata, he must adduce evidence outside the record that demonstrates that he could not have appealed the constitutional claim based upon information already in the record: "[t]o overcome the res judicata bar, evidence offereddehors the record must demonstrate that the petitioner could not have appealed the constitutional claim based upon information in the original record."[7] Scheidel argues on the one hand that his claim for postconviction relief is meritorious based upon information in the original record. On the other hand, he argues that the affidavit of his counsel and the transmittal letter to the clerk of courts do demonstrate matters outside the record to overcome the bar of res judicata. A perusal of those documents, however, indicates that they raise no new matter not already raised in the direct appeal. They do nothing to demonstrate that he could not have appealed his constitutional claim on the basis of information already in the record. We conclude that the trial court correctly denied Scheidel's motion for postconviction relief, that doing so for res judicata reasons was proper, and that Scheidel is not able to overcome res judicata as a bar to his claim.
 {¶ 19} Scheidel's first assignment of error is without merit.
 {¶ 20} The second assignment of error is:
 {¶ 21} "The trial court erred in denying Appellant's Motion for a New Trial without the benefit of a hearing."
 {¶ 22} In the judgment entry overruling Scheidel's motion for a new trial, the trial court stated that it was divested of jurisdiction as to all matters that could be raised on direct appeal. Scheidel was sentenced on June 5, 2003, and his notice of appeal was filed on July 2, 2003. Scheidel's motion for a new trial was filed eight days after he filed a notice of appeal. "A motion for new trial is inconsistent with a notice of appeal of the judgment sought to be retried. * * * Therefore, when an appeal is pending, the trial court is divested of jurisdiction except to take action in aid of the appeal."[8] Therefore, the trial court properly held that it was without jurisdiction to consider the motion for new trial.
 {¶ 23} Thus, the second assignment of error is without merit.
 {¶ 24} Scheidel's third assignment of error reads as follows:
 {¶ 25} "The trial court erred in effectively denying Mr. Scheidel's request for counsel to be appointed to appeal the trial court's denial of his Motion for New Trial and Petition for Post-Conviction Relief."
 {¶ 26} The trial court overruled Scheidel's motion for new trial and his motion for postconviction relief on July 12, 2004. Scheidel filed a motion for appointment of counsel for purposes of the denial of a new trial and motion for postconviction relief on behalf of the defendant on July 22, 2004. By then his direct appeal had already been pending in this court for twelve months. On August 11, 2004, Scheidel filed the instant appeal to this court from the denial of his motions for a new trial and for postconviction relief.
 {¶ 27} The right to be represented by a public defender must be afforded to indigent persons in a postconviction proceeding, including an appeal therefrom.[9] This right is qualified by R.C. 120.16(D): "[t]he county public defender shall not be required to prosecute any appeal, postconviction remedy, or other proceeding, unless the county public defender is first satisfied there is arguable merit to the proceeding." However, a court is not limited to appointing a public defender in such a proceeding:
 {¶ 28} "(E) Nothing in this section shall prevent a court from appointing counsel other than the county public defender or from allowing an indigent person to select the indigent person's own personal counsel to represent the indigent person."[10]
 {¶ 29} Therefore, this section allows "a court," either a trial court or an appellate court, to appoint counsel to represent the petitioner in a postconviction proceeding. The court of appeals for the Tenth District, in recognizing the right to be appointed counsel on appeal from a postconviction proceeding, has stated that, "[d]efendant's right to appointed counsel can be protected by an appellate court on an appeal of the trial court's ruling on defendant's petition for post-conviction relief."[11]
 {¶ 30} Scheidel incorrectly characterizes the trial court's failure to rule on his motion to appoint counsel as "effectively denying" the same. He then had the alternative, as provided by the above statute, to apply to this court for appointed counsel. He did so, and this court appointed counsel for Scheidel on October 22, 2004. The effect of this appointment was to render moot this third assignment of error.
 {¶ 31} The third assignment of error is moot.
 {¶ 32} For the reasons indicated, the judgment of the trial court denying Scheidel's motion for a new trial and denying his motion for postconviction relief is affirmed.
Rice, J., O'Toole, J., concur.
[1] See the companion case of State v. Scheidel, 11th Dist. No. 2003-A-0087.
[2] R.C. 2953.21.
[3] State v. Jackson (1980), 64 Ohio St.2d 107, 110.
[4] Id. at 110. See, also, State v. Olivarez (Mar. 31, 1999), 11th Dist. No. 97-L-288, 1999 Ohio App. LEXIS 1434, at *5-6, citing State v. Cole (1982), 2 Ohio St.3d 112, 113; State v.Jackson, supra; and State v. Worthy (May 30, 1997), 11th Dist. No. 96-P-0122, 1997 Ohio App. LEXIS 2370, at *5.
[5] Brady v. Maryland (1963), 373 U.S. 83.
[6] (Emphasis in original.) State v. Szefcyk (1996),77 Ohio St.3d 93, 95, quoting State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.
[7] (Citation omitted.) (Emphasis in original.) State v.Lawson (1995), 103 Ohio App.3d 307, 315.
[8] (Emphasis in original.) State v. Smith (Nov. 6, 1997), 8th Dist. Nos. 69799, 70451, and 71643, 1997 Ohio App. LEXIS 4892, at *31, citing Majnaric v. Majnaric (1975),46 Ohio App.2d 157 and Powell v. Turner (1984), 16 Ohio App.3d 404.
[9] R.C. 120.16(A)(1). State v. Johnson (July 26, 1979), 10th Dist. No. 79AP-437, 1979 Ohio App. LEXIS 10828, at *1-2.
[10] R.C. 120.16(E).
[11] State v. Knight (Mar. 12, 1981), 10th Dist. No. 80AP-924, 1981 Ohio App. LEXIS 10195, at *3.