OPINION
{¶ 1} Appellant, Tara Summers, appeals from her convictions and sentence of four years in prison for two counts of aggravated vehicular assault, in violation of R.C. 2903.08(A)(1), and two counts of vehicular assault, in violation of R.C. 2903.08(A)(2). Summers's arrest was the result of a head-on automobile collision on April 17, 2005 *Page 2 
caused by her driving under the influence of cocaine and alcohol.
 {¶ 2} In November 2005, Summers entered pleas of no contest to all charges and was found guilty. Subsequently, the trial court sentenced Summers to two-year terms for both counts of aggravated vehicular assault to be served consecutively. The court also imposed one-year terms for both counts of vehicular assault to be served concurrently with each other and with the sentences for aggravated vehicular assault. Summers was ordered to pay restitution to the victims and their insurance carrier in the total amount of $16,086.44, and her driver's license was suspended for four years.
 {¶ 3} Summers thereafter filed a number of motions. On February 1, 2006, she filed a motion to withdraw her pleas on the basis that her defense counsel misinformed her that the statutory minimum sentence would be imposed. The trial court overruled Summers's motion on February 8, 2006. One day prior to the trial court's decision, however, Summers filed a notice of appeal to this Court, along with a motion to expedite the appeal. On June 23, 2006, this Court affirmed Summers's convictions but remanded the matter to the trial court to determine the amount of restitution to be awarded to the victims' insurance carrier, Ohio Casualty Group. In an entry filed on July 20, 2006, the trial court awarded Ohio Casualty Group $10,955.44. Summers appealed from that order on August 11, 2006.
 {¶ 4} In a single assignment of error, Summers contends that the trial court erred in overruling her motion to withdraw her plea. The motion was based on allegations that Summers's defense counsel informed her that minimum sentences would be imposed if she pleaded no contest to the charges. Summers argues that but for this advice, she would not have entered a no-contest plea but would have exercised *Page 3 
her right to a trial by jury.
 {¶ 5} In response, the State asserts that this claim is not properly before this Court because our review is limited to the trial court's entry following remand that ordered damages in the amount of $10,955.44 to Ohio Casualty Group. We agree with the State's contention and affirm the judgment of the trial court.
 {¶ 6} "A trial court's order denying a Crim.R. 32.1 motion is a final appealable order, from which the defendant has thirty days to appeal, pursuant to App.R. 4(A)." State v. Davis (Apr. 20, 1999), Vinton App. No. 98CA523, 1999 WL 249716, at *4. Here, the appropriate time to raise the issue of whether the trial court erred in denying her motion to withdraw her plea was thirty days from the trial court's judgment filed February 8, 2006. Summers failed to act accordingly.[1] Furthermore, had Summers filed a timely notice of appeal from the trial court's entry denying her motion to withdraw her plea, this Court could have addressed whether the trial court properly denied her motion. In the present appeal, however, she is limited to issues directly related to the trial court's July 20, 2006 entry awarding $10,955.44 in damages to Ohio Casualty Group. Thus, the issue set forth in Summers's sole assignment of error is not properly before this Court.
 {¶ 7} In conclusion, we find that Summers's sole assignment of error lacks merit. An appeal from the trial court's judgment denying her motion to withdraw her *Page 4 
plea is time barred and improperly raised in the present appeal.[2]
Accordingly, Appellant's assignment of error is overruled. The judgment of the trial court awarding Ohio Casualty Group $10,955.44 in restitution damages is affirmed.
DONOVAN and VALEN, JJ., concur.
(Hon. Anthony Valen, retired from the Twelfth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
[1] We note that the trial court had jurisdiction to deny the appellant's motion while her appeal was pending since a denial would not interfere with this Court's jurisdiction to review, affirm, modify or reverse judgments or final orders. See State v. Winn (Feb. 19, 1999), Montgomery App. No. 17194, 1999 WL 76797, at *5, citing State ex rel.Special Prosecutors v. Judges, Court of Common Pleas (1978),55 Ohio St.2d 94, 97, 9 O.O.3d 88, 378 N.E.2d 162.
[2] Nothing precludes Appellant from seeking "leave to appeal" the trial court's denial of her motion to vacate her previous no-contest pleas pursuant to App.R. 5(A). *Page 1