OPINION
{¶ 1} Angelo Champion appeals from the trial court's refusal to permit him to withdraw his guilty pleas to assault and driving without a valid license. Champion was originally charged in the Dayton Municipal Court on May 31, 2007, with assault and obstructing official business. On June 12, 2007, Champion appeared in court for trial on *Page 2 
the assault charge and before the first witness testified, the State informed the court that Champion was willing to accept a negotiated plea wherein he would plead guilty to the assault charge with the obstructing official business charge being dismissed by the State, and pleading guilty to driving while under suspension in an unrelated traffic case. The court accepted Champion's guilty plea on the assault charge, and the State then requested a presentence investigation be conducted before sentence was imposed by the court. Champion then indicated he wished to waive the presentence report and the following occurred in open court:
 {¶ 2} "THE COURT: You wanna waive it?
 {¶ 3} "MR. CHAMPION: Yes, sir.
 {¶ 4} "THE DEFENSE: That's what he's saying.
 {¶ 5} "THE COURT: Um, okay, I'm gonna put you in jail then. Alright? Uh, six months. Go back.
 {¶ 6} "MR. CHAMPION: I won't I won't I won't wanna waive it.
 {¶ 7} "UNKNOWN: (Laughs)
 {¶ 8} "THE COURT: Go back."
 {¶ 9} On June 22, 2007, Champion moved to withdraw his guilty plea pursuant to Crim.R. 32.1 to correct a "manifest injustice." On July 11, 2007, Champion filed a notice of appeal to this court of his sentence.
 {¶ 10} At the motion hearing, Champion told the court he did not understand what a presentence investigation was when he waived the necessity of having one conducted. Champion's counsel also pointed out to the court that it did not provide Champion an opportunity to say anything before the court imposed the sentence. The *Page 3 
trial court then overruled Champion's motion on July 12, 2007.
 {¶ 11} In two related assignments of error, Champion argues that the trial court abused its discretion in overruling his motion to withdraw his pleas. Champion also argues the trial court abused its discretion and violated his due process rights by conducting the motion hearing and ruling after a notice of appeal of the sentence had been filed to this court.
 {¶ 12} It is clear that where Champion appealed the sentences imposed upon him by the trial court, the trial court lost jurisdiction to set aside the judgment which was now under review by this court. State exrel Special Prosecutors (1978), 55 Ohio St.2d 94. We agree the trial court erred in denying Champion's motion to withdraw his plea while his conviction was under review by this court. The second and third assignments of error are Sustained.
 {¶ 13} Champion also argues the trial court erred in sentencing him without according him the right of allocution. We agree. The fact that Champion waived his right to have a presentence investigation conducted did not mean he waived his right of allocution. See Crim.R. 32(A).State v. Campbell (2000), 90 Ohio St.3d 320. The first assignment of error is sustained. The court may now also consider the motion filed by Champion to withdraw his prior guilty plea as addressed in the previous assignments. The judgment of the trial court is Reversed and Remanded for further proceedings.
FAIN, J., and WALTERS, J., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.) *Page 4 
Copies mailed to:
Patrick J. Bonfield
Deirdre Logan
Addie J. King
Dawn S. Garrett
 Hon. Bill C. Littlejohn *Page 1