[Cite as *State v. Lauharn*, 2012-Ohio-1572.]

IN THE COURT OF APPEALS FOR MIAMI COUNTY, OHIO

STATE OF OHIO                                         :

     Plaintiff-Appellee                      :           C.A. CASE NO. 2011 CA 10

v.                                                            :           T.C. NO.    2010CR47

GARY D. LAUHARN                              :              (Criminal appeal from
                                               Common Pleas Court)
     Defendant-Appellant                   :

                                                              :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    6th    day of    April   , 2012.

. . . . . . . . . .

ROBERT E. LONG III, Atty. Reg. No. 0066796, Assistant Prosecuting Attorney, 201 West Main Street, Troy, Ohio 45373
        Attorney for Plaintiff-Appellee

JAMES S. ARMSTRONG, Atty. Reg. No. 0020638, 131 North Ludlow Street, Suite 386 Talbott Tower, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1}  In September 2010, Gary D. Lauharn pled no contest to six counts of rape, three counts of pandering obscenity involving a minor, and one count of pandering sexually oriented matter involving a minor.  Two of the rape counts and one pandering

obscenity charge related to conduct prior to 1996 and were governed by the pre-Senate Bill 2 criminal sentencing statutes.   In exchange for his pleas, the State dismissed seven additional charges.   At sentencing, the trial court imposed an aggregate sentence of 40 years in prison.

{¶ 2}   Lauharn timely appealed from his conviction, claiming that a sentencing error occurred as to one of the pre-1996 rapes.   On April 1, 2011, while his direct appeal was pending, Lauharn filed a motion to withdraw his pleas, claiming that his attorney had told him that he would receive a sentence between five and eight years and that he did not know that he could be given consecutive sentences.   The trial court overruled the motion. In its decision, the court stated that it had reviewed the transcript of the plea hearing and that the transcript reflected that the trial court had told Lauharn about the possibility of consecutive sentences and that Lauharn had understood.

{¶ 3}   Lauharn subsequently moved for reconsideration of the trial court's denial of his motion to withdraw his plea.   He emphasized that he was under the influence of several "medical and psychotropic medications" during the plea hearing and that his defense counsel had not reported that fact to the trial court.   He argued that he was "in a drug induced stupor" during the plea hearing, and that his pleas were based on the terms set forth in the three plea forms and his counsel's representation that he would receive five to eight years in exchange for his pleas.   The trial court overruled the motion for reconsideration.

{¶ 4}   In August 2011, four months after the denial of Lauharn's motions, we reversed Lauharn's sentence on the one rape conviction at issue on appeal and remanded solely for the trial court to "correct its sentencing entry with respect to Count 6 to reflect that the sentence, by operation of R.C. 5145.01, is deemed to be an indeterminate sentence with

an 8-year definite term as the minimum and 25 years the maximum." *State v. Lauharn*, 2d Dist. Miami No. 2010-CA-35, 2011-Ohio-4292, ¶ 12.

{¶ 5} Lauharn appeals from the denial of his motion to withdraw his pleas and the denial of his motion for reconsideration, claiming that his pleas were not made knowingly, intelligently, and voluntarily. Prior to the appointment of appellate counsel, Lauharn filed a pro se brief, which focused on his understanding that he would receive a sentence between five and eight years and on his mental health issues. Appointed appellate counsel subsequently filed a brief on Lauharn's behalf, which raised the same issues.

{¶ 6} In response to Lauharn's arguments, the State asserts that the trial court lacked jurisdiction to consider Lauharn's motions while his case was pending on direct appeal; the State does not address the merits of Lauharn's arguments. We find the State's argument to be dispositive.

{¶ 7} The Supreme Court of Ohio has long held that "[o]nce an appeal is taken, the trial court is divested of jurisdiction except 'over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, such as the collateral issues like contempt * * *.'" *State ex rel. State Fire Marshal v. Curl*, 87 Ohio St.3d 568, 570, 722 N.E.2d 73 (2000), quoting *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978). Following *Special Prosecutors*, we have repeatedly held that the filing of a notice of appeal from a conviction and sentence divests the trial court of jurisdiction to address a motion to withdraw the defendant's plea during the pendency of the appeal. *E.g.*, *State v. Champion*, 2d Dist. Montgomery No. 22312, 2008-Ohio-3611, ¶ 12 (stating that "the trial court erred in denying

Champion's motion to withdraw his plea while his conviction was under review by this court."); *State v. Wilson*, 2d Dist. Montgomery No. 23167, 2010-Ohio-109, ¶ 16. *See also*, *e.g.*, *State v. Leach*, 8th Dist. Cuyahoga No. 84794, 2005-Ohio-1870, ¶ 16-17; *State v. Dudas*, 11th Dist. Lake Nos. 2006-L-267 & 2006-L-268, 2007-Ohio-6739, ¶ 99. A motion to withdraw a plea is not a collateral issue, because it could directly affect the judgment under appeal. *State v. Winn*, 2d Dist. Montgomery No. 17194, 1999 WL 76797 (Feb. 19, 1999).

{¶ 8} This also makes sense from the perspective of judicial economy. Assume that a trial court could consider a motion to withdraw a plea, but only had the jurisdiction to deny it (since a granting of the motion would moot the appeal.) The trial court would have to entertain briefs, possibly hold a hearing, and then write a decision that could only deny the motion (which even itself could be in conflict with the appellate decision if, for example, the involuntariness of the plea were raised in both forums).

{¶ 9} We have not, however, always been consistent in our approach. For example, in *State* v. *Summers*, 2d Dist. Montgomery No. 21735, 2007-Ohio-4576, we stated that "the appropriate time to raise the issue of whether the trial court erred in denying [the defendant's] motion to withdraw her plea was thirty days from the trial court's judgment." *Id.* at ¶ 6. We commented, in a footnote, that "the trial court had jurisdiction *to deny* the appellant's motion" because such a denial would not interfere with this court's appellate jurisdiction to review, affirm, modify, or reverse judgments or final orders. (Emphasis in original.) *Id.*, fn. 1. *Summers* cited to *Winn* as authority for the proposition that a trial court may deny a motion to withdraw a plea while an appeal is pending; however, *Winn* does

not support that proposition and, in fact, indicates that the trial court could not consider a motion to withdraw a plea while an appeal from the conviction was pending. See *Winn* at *5.

{¶ 10} We have also held, somewhat inconsistently, that a trial court has the jurisdiction to deny a motion for a new trial while a direct appeal is pending, although the trial court does not have jurisdiction to grant such a motion. *See State v. Rossi*, 2d Dist. Montgomery No. 23682, 2010-Ohio-4534, citing *State v. Ferrell*, 2d Dist. Montgomery No. 8150, 1983 WL 4891 (Apr. 15, 1983). But see *State v. Butler*, 2d Dist. Clark No. 2717, 1991 WL 116659 (June 26, 1991) (concluding that the trial court lacked jurisdiction to decide defendant's motion to a new trial while his direct appeal was pending, following *Special Prosecutors*). We note that several other appellate districts have held that a trial court lacks jurisdiction to address the merits of a motion for a new trial based on newly discovered evidence when an appeal from the conviction is pending. *E.g.*, *State v. Scheidel*, 11th Dist. Ashtabula No. 2004-A-55, 2006-Ohio-198, ¶ 22; *State v. Yeager*, 9th Dist. Summit No. 21676, 2004-Ohio-1239, ¶ 8; *State v. Loper*, 8th Dist. Cuyahoga Nos. 81400, 81297 & 81878, 2003-Ohio-3213, ¶ 104; *State v. Lamar*, 4th Dist. Lawrence No. 01CA17, 2002-Ohio-6130, ¶ 24 (distinguishing jurisdiction to consider a motion for leave to file a motion for a new trial from a motion for a new trial).

{¶ 11} In the situation where a party has sought relief from a judgment under Civ.R. 60(B), which is analogous to a motion to withdraw a plea, we have held that the trial court lacks jurisdiction to address the Civ.R. 60(B) motion while a direct appeal of the judgment is pending. *Wells Fargo Financial Ohio 1 Mtge. v. Lieb*, 2d Dist. Montgomery

No. 23855, 2010-Ohio-6111, ¶ 10, citing *State ex rel. East Mfg. Corp. v. Ohio Civ. Rights Comm.*, 63 Ohio St.3d 179, 181, 586 N.E.2d 105 (1992); *Tucker v. Pope*, 2d Dist. Miami No. 2009 CA 30, 2010-Ohio-995, ¶ 28.   In *Tucker*, we followed *Howard v. Catholic Social Services*, 70 Ohio St.3d 141, 637 N.E.2d 890 (1994), in which the Supreme Court of Ohio stated:

> Appellant's second proposition of law asserts that the court of appeals erred in denying his Civ.R. 60(B)(5) motion for relief from judgment.  The court of appeals overruled appellant's motion based on its rationale that appellant's pending appeal in this court from the court of appeals' judgment denying his petition for a writ of habeas corpus divested it of jurisdiction. When a case has been appealed, the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment.  The issue presented by the court of appeals' decision is whether a trial court retains jurisdiction to consider a Civ.R. 60(B) motion for relief from judgment when an appeal from the same judgment is pending.

> Although some Ohio appellate courts have adopted the view that trial courts can consider the merits of Civ.R. 60(B) motions without interfering with reviewing courts' appellate jurisdiction, we have expressly held that an appeal divests trial courts of jurisdiction to consider Civ.R. 60(B) motions for relief from judgment.  Jurisdiction may be conferred on the trial court to consider a Civ.R. 60(B) motion while an appeal is pending only through an order by the reviewing court remanding the matter for consideration of the

Civ.R. 60(B) motion. Therefore, the court of appeals correctly held that it lacked jurisdiction to consider the merits of appellant's Civ.R. 60(B) motion. (Internal citations omitted.) *Id.* at 147, 637 N.E.2d 890. *Howard* at 146-47.

**{¶ 12}** In contrast to above-mentioned motions, the Ohio legislature has specifically authorized trial courts to consider petitions for post-conviction relief while a direct appeal from a conviction is pending. R.C. 2953.21(C) provides that "[t]he court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending." "This part of the statute became effective in September, 1995, and allows concurrent processing of direct appeals and post-conviction petition proceedings. As a result, trial courts do have jurisdiction to hear timely filed petitions for post-conviction relief, even while direct appeals are pending." *State v. Myers*, 2d Dist. Clark No. 2002-CA-73, 2003-Ohio-915, ¶ 8. *See also*, *e.g.*, *State v. Frazier*, 10th Dist. Franklin No. 10AP-966, 2011-Ohio-3316, ¶ 6.

**{¶ 13}** Upon consideration of the foregoing authority, we conclude that the trial court did not have jurisdiction to address Lauharn's motions to withdraw his plea and for reconsideration of the denial of that motion while the case was pending on direct appeal. Consequently, the trial court's rulings on Lauharn's motions to withdraw his plea and for reconsideration of that denial are nullities. Those motions remain pending in the trial court, which now has jurisdiction to address them. *See State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028, 959 N.E.2d 516, ¶ 37 ("We take this opportunity to specify that the holding in *Special Prosecutors* does not bar the trial court's jurisdiction over posttrial motions permitted by the Ohio Rules of Criminal Procedure.").

**{¶ 14}** Lauharn's appeal must be dismissed for lack of a final appealable order.

. . . . . . . . . .

FAIN, J., concurring:

**{¶ 15}** I concur in the opinion and judgment of the court. I write separately merely to reiterate my view, first expressed in *Post v. Post*, 66 Ohio App.3d 765, 770, 586 N.E.2d 185 (2d Dist. 1990), that the better jurisprudential rule would be to treat an order of a trial court that interferes with appellate review as reversible error, not a lack of subject-matter jurisdiction.

**{¶ 16}** The Ohio Constitution, Article IV, Section 4(B), enables the Ohio General Assembly to provide for the jurisdiction of common pleas courts: "The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law."

**{¶ 17}** The General Assembly has provided, in R.C. 2931.03, that: "The court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." I have not found an exception to this general grant of jurisdiction pertaining to cases in which an appeal is pending.

**{¶ 18}** Nevertheless, I agree that the jurisprudence of Ohio, as laid down by the Supreme Court of Ohio, commands the result reached in this case.

. . . . . . . . . .

GRADY, P.J., concurring:

{¶ 19}     Section 3(B)(2), Article IV of the Ohio Constitution provides:

> Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district and shall have such appellate jurisdiction as may be provided by law to review and affirm, modify, or reverse final orders or actions of administrative officers or agencies.

{¶ 20}     R.C. 2505.03(A) states that "[e]very final order . . . of a court . . . may be reviewed on appeal by . . . a court of appeals . . ."   R.C. 2505.03(B) states that "such an appeal is governed by this chapter and, to the extent that this chapter does not contain a relevant provision, the Rules of Appellate Procedure."

{¶ 21}     App.R. 3(A) states that "[a]n appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4."   App.R. 4 establishes the times within which a notice of appeal must be filed.   Filing the notice triggers the appellate jurisdiction of the court of appeals, so long as the order or judgment from which the appeal is taken is a "final order" as defined by R.C. 2505.02.

{¶ 22}     Section 4(B), Article IV of the Ohio Constitution provides that "[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters . . . as may be provided by law."   R.C. 2931.03 confers exclusive original jurisdiction in criminal cases involving felony offenses in the court of common pleas.

{¶ 23}     The jurisdiction to review final orders of courts inferior to a court of

appeals conferred by R.C. 2905.03(A) authorizes the appellate court to affirm, modify, or reverse those final orders in the exercise of the power conferred on courts of appeals by Section 3(B)(2), Article IV. The appellate court's exercise of that constitutional power necessarily precludes the exercise by a court of common pleas of the statutory original jurisdiction which resulted in the same final order while the appellate review procedure is pending. The only exceptions are in matters remanded by the appellate court to the trial court pursuant to App.R. 27 while the appeal remains pending, and matters which are the subject of an R.C. 2953.21 petition for post-conviction relief, in which the jurisdiction of the two courts is concurrent. App.R. 6(A).

{¶ 24} Recently, in *State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5128, 959 N.E.2d 516, ¶ 37, the Supreme Court wrote that "the holding in *Special Prosecutors*[1] does not bar the trial court's jurisdiction over posttrial motions permitted by the Ohio Rules of Criminal Procedure." A careful reading of *Davis* reveals that the appeal concerned was not pending, but instead had been decided. Further, the post-trial motion filed was a Crim.R. 33(A)(6) motion for new trial on a claim of newly-discovered evidence, which could not have been an issue or claim which the prior appeal determined. *Davis* held that the relief the posttrial motion sought was not subject to the law of the case doctrine. *Davis* does not change the current law governing the trial court's exercise of its jurisdiction to determine motions potentially affecting a final order while an appeal from that final order is pending.

. . . . . . . . . .

---

[1] *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 378 N.E.2d 162 (1978).

Copies mailed to:

Robert E. Long III
James S. Armstrong
Hon. Christopher Gee