[Cite as *State v. Wilson*, 2014-Ohio-1764.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

     Plaintiff-Appellee

v.

KEITH A. WILSON

     Defendant-Appellant

Appellate Case No.    25482

Trial Court Case No.   2011-CR-2703

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 25th day of April, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. 0020084, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

GEORGE A. KATCHMER, Atty. Reg. No. 0005031, 1886 Brock Road NE, Bloomingburg, Ohio 43106
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}     Defendant-Appellant, Keith Wilson, appeals from a judgment overruling his motion to withdraw his pleas in Montgomery County Common Pleas Court Case No. 2011 CR 2703.   In support of his appeal, Wilson contends that trial counsel rendered ineffective assistance of counsel.  The State maintains that the trial court lacked jurisdiction to hear the motion, because it was filed during Wilson's direct appeal.  The State also contends that Wilson failed to demonstrate manifest injustice.

{¶ 2}     We conclude that the trial court lacked jurisdiction during the direct appeal to resolve Wilson's motion, insofar as it concerned his pleas to Murder and Felonious Assault, and the motion remained pending in the trial court after the appeal was filed.    Accordingly, with respect to these pleas, the appeal will be dismissed for lack of a final appealable order.

{¶ 3}     The trial court did have jurisdiction to consider Wilson's motion, insofar as it involved his plea to Involuntary Manslaughter, because Wilson never appealed that conviction.  However, the motion intertwined facts pertinent to both pleas, and the matters would be more appropriately considered together by the trial court on remand.   Accordingly, to the extent the trial court judgment concerns the Involuntary Manslaughter plea, the judgment will be reversed and remanded for further proceedings.


I.  Facts and Course of Proceedings

{¶ 4}     Wilson was originally indicted on two counts of Murder and two counts of Felonious Assault in connection with the murder of his wife, Marny Wilson.  *See State v. Wilson*, 2d Dist. Montgomery No. 24975, 2013-Ohio-1076, ¶ 3.  While these charges were pending, the police were also investigating the homicide of Elmer Bloodsaw, which had

occurred in 2000.   The police believed that Wilson had caused Bloodsaw's death.   *Id*. at ¶ 4.

**{¶ 5}**     As the result of a plea bargain, Wilson pled no contest on November 30, 2011, to the charges involving his wife's death.   On December 2, 2011, Wilson also pled guilty to Involuntary Manslaughter with respect to Bloodsaw's death, which had not yet resulted in an indictment.   *Id.* at ¶ 5 and 12.   At the sentencing hearing, which was held on December 20, 2011, the trial court sentenced Wilson to 15 years to life for the murder of his wife, three years for a firearm specification, and five years for Bloodsaw's death, with the sentences to be served consecutively.   Wilson, thus, received a total sentence of 23 years to life.   *Id.* at ¶ 6.

**{¶ 6}**     On December 30, 2011, Wilson filed a notice of appeal from the no contest plea.  This appeal was designated as Appellate Case No. 24975.   On the same day, Wilson also filed a motion in the trial court, seeking to withdraw his pleas.

**{¶ 7}**     On February 2, 2012, the trial court overruled Wilson's motion to withdraw his pleas, based on lack of jurisdiction.   Wilson then filed a notice of appeal from this decision, and that appeal was designated as Appellate Case No. 25025.   Wilson subsequently asked us to dismiss the appeal in Case No. 25025, based on his admission that the appeal in Case No. 24975 had divested the trial court of jurisdiction to rule on his motion to withdraw his pleas.   On May 10, 2012, we granted Wilson's motion to dismiss his appeal.   *See State v. Wilson*, 2d Dist. Montgomery No. 25025 (May 10, 2012).

**{¶ 8}**     Our decision on the merits of Wilson's direct appeal was not  issued until March 22, 2013.   *Wilson*, 2d Dist. Montgomery No. 24975, 2013-Ohio-1076.   In the meantime, while the direct appeal was pending, Wilson filed a second motion in the trial court, asking to withdraw his pleas.  This motion, which was filed on August 3, 2012, was based on

ineffective assistance of trial counsel, and was accompanied by Wilson's affidavit, which recounted matters that had allegedly occurred outside the record.

{¶ 9}     The State filed a memorandum in opposition on August 7, 2012, asserting that the trial court lacked jurisdiction to rule on the motion to withdraw, due to the pendency of the appeal.   In October 2012, the State filed a second memorandum, responding to the merits of Wilson's motion to withdraw.   The trial court then overruled Wilson's motion on October 31, 2012.   In the decision, the trial court addressed the merits of the motion, and concluded that Wilson had been well-represented by competent counsel and had entered his pleas knowingly, voluntarily, and intelligently.   The trial court did not discuss its potential lack of jurisdiction, nor did it consider Wilson's affidavit or specific claims of ineffective assistance of counsel.

{¶ 10}     Wilson appeals from the decision overruling his motion to withdraw his pleas.

## II.   Should a Plea Made Due to Counsel's Ineffectiveness Be Vacated?

{¶ 11}     Wilson's sole assignment of error is as follows:

A Plea Made Due to the Ineffectiveness of Counsel Must Be Vacated.

{¶ 12}     Under this assignment of error, Wilson contends that his pleas must be vacated because trial counsel failed to inform him about the implications of his pleas, failed to pursue a defense that he raised, failed to protect his right to a free choice of counsel, and was complicit with the trial court in coercing him to plead.   In response, the State contends that there is no final appealable order, because the trial court lacked authority to consider the motion to withdraw the pleas.   On the merits, the State argues that Wilson failed to show manifest

injustice, which is required as a predicate for vacating a plea.

{¶ 13}    As was noted, Wilson pled no contest to the Murder and Felonious Assault charges on November 30, 2011.  Wilson filed a timely appeal from these charges only on December 30, 2011.  He did not file an appeal from his conviction and sentence for the Involuntary Manslaughter charge.    See *Wilson*, 2d Dist. Montgomery No. 24975, 2013-Ohio-1076, ¶ 1.

{¶ 14}    Wilson also filed two motions to withdraw his pleas.  The first motion was filed on December 30, 2011, and the second was filed on August 3, 2012.  Thus, both motions were filed while Wilson's appeal was pending.  The second motion was based on matters not in the record and was supported by Wilson's affidavit.

{¶ 15}    The established jurisdictional rule is that "[o]nce an appeal is taken, the trial court is divested of jurisdiction except 'over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, such as the collateral issues like contempt * * *.' "  *State ex rel. State Fire Marshal v. Curl*, 87 Ohio St.3d 568, 570, 722 N.E.2d 73 (2000), quoting *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978).  (Other citation omitted.)  In *State v. Lauharn*, 2d Dist. Miami No. 2011 CA 10, 2012-Ohio-1572, we applied this rule and concluded that the lack of jurisdiction in the trial court meant that the defendant's motions to withdraw his plea were still pending in the trial court, and that there was no final appealable order.  *Id.* at ¶ 13.

{¶ 16}    The defendant in *Lauharn* had filed a motion to withdraw his pleas while his direct appeal from his conviction was pending.  *Id.* at ¶ 2.  After the motion was overruled, the defendant filed a motion for reconsideration.  This also occurred while the direct appeal was

pending. *Id*. at ¶ 3. The trial court overruled the motion for reconsideration, and four months later, we issued a decision in the defendant's direct appeal. *Id.* at ¶ 3-4. This factual scenario is very similar to Wilson's situation, as Wilson's motions were filed during the appeal process, and were denied before we issued a decision in his direct appeal.

**{¶ 17}** When Lauharn appealed from the denial of his motion to withdraw his pleas, we noted that "[f]ollowing *Special Prosecutors*, we have repeatedly held that the filing of a notice of appeal from a conviction and sentence divests the trial court of jurisdiction to address a motion to withdraw the defendant's plea during the pendency of the appeal." (Citations omitted.) *Id.* at ¶ 7, referring to *Special Prosecutors*, 55 Ohio St.2d at 97, 378 N.E.2d 162. We further observed that "[a] motion to withdraw a plea is not a collateral issue, because it could directly affect the judgment under appeal." (Citation omitted.) *Lauharn* at ¶ 7. In this regard, we stressed that:

> This also makes sense from the perspective of judicial economy. Assume that a trial court could consider a motion to withdraw a plea, but only had the jurisdiction to deny it (since a granting of the motion would moot the appeal.) The trial court would have to entertain briefs, possibly hold a hearing, and then write a decision that could only deny the motion (which even itself could be in conflict with the appellate decision if, for example, the involuntariness of the plea were raised in both forums). *Id*. at ¶ 8.

**{¶ 18}** We admitted in *Lauharn* that our approach had not always been consistent. *Lauharn*, 2d Dist. Miami No. 2011 CA 10, 2012-Ohio-1572, at ¶ 9-10. After making this observation, we then analogized motions to withdraw pleas to Civ.R. 60(B) motions. *Id*. at ¶

11. We stressed that in the context of motions for relief from judgment, the Supreme Court of Ohio had " 'expressly held that an appeal divests trial courts of jurisdiction to consider Civ.R. 60(B) motions for relief from judgment.' " *Id*., quoting *Howard v. Catholic Social Services*, 70 Ohio St.3d 141, 146-147, 637 N.E.2d 890 (1994). We also discussed and distinguished petitions for post-conviction relief, which the legislature had specifically authorized trial courts to hear while direct appeals from convictions were pending. *Lauharn* at ¶ 12.

{¶ 19} We then stated that:

Upon consideration of the foregoing authority, we conclude that the trial court did not have jurisdiction to address Lauharn's motions to withdraw his plea and for reconsideration of the denial of that motion while the case was pending on direct appeal. Consequently, the trial court's rulings on Lauharn's motions to withdraw his plea and for reconsideration of that denial are nullities. Those motions remain pending in the trial court, which now has jurisdiction to address them. *See State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028, 959 N.E.2d 516, ¶ 37 ("We take this opportunity to specify that the holding in *Special Prosecutors* does not bar the trial court's jurisdiction over posttrial motions permitted by the Ohio Rules of Criminal Procedure.").

Lauharn's appeal must be dismissed for lack of a final appealable order.

*Lauharn* at ¶ 13-14.

{¶ 20} In light of our decision in *Lauharn*, the State contends that there is no final appealable order with regard to the second motion to withdraw, because the trial court lacked jurisdiction to rule on the motion during the pendency of Wilson's direct appeal. We agree

with the State, in part.

{¶ 21} In *Lauharn,* we cited *State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028, 959 N.E.2d 516, in which the Supreme Court of Ohio had stressed that " 'the holding in *Special Prosecutors* does not bar the trial court's jurisdiction over posttrial motions permitted by the Ohio Rules of Criminal Procedure.' " *Lauharn* at ¶ 13, quoting *Davis* at ¶ 37.

{¶ 22} In *Davis*, the Supreme Court of Ohio considered whether the decision in *Special Prosecutors* barred the trial court from considering a defendant's post-conviction motion for new trial, which was based on newly-discovered evidence, and was filed after the defendant's conviction had been affirmed on direct appeal. *Davis* at ¶ 2, 4, and 23.

{¶ 23} The defendant's motion for new trial was based on the affidavit of a DNA expert, which allegedly undermined the state's DNA evidence. The defendant argued that "the affidavit demonstrated that trial counsel were ineffective by failing to mount an effective challenge to the state's DNA evidence," and that he [the defendant] could actually be innocent of the offense. *Id.* at ¶ 6.

{¶ 24} Relying on *Special Prosecutors*, the Fifth District Court of Appeals had concluded that the trial court lacked jurisdiction to consider the motion for new trial because it " 'would be inconsistent with the judgment of the Ohio Supreme Court, affirming Appellant's convictions and sentence.' " *Davis* at ¶ 8, quoting *State v. Davis*, 5th Dist. Licking No. 09-CA-0019, 2009-Ohio-5175, ¶ 12. The Supreme Court of Ohio rejected the position taken by the Fifth District Court of Appeals, and concluded that the trial court did have jurisdiction to consider the matter. In this regard, the Supreme Court of Ohio stated that:

Contrary to the state's argument, the earlier claim is not related to Davis's

present claim that newly discovered evidence (Mueller's affidavit) warrants a new trial. Indeed, this issue could not have been raised on direct appeal and decided by this court, because it rests upon evidence not considered by the trial court – an affidavit by a qualified DNA expert. A reviewing court on direct appeal could not have considered an affidavit that was not part of the record. *State v. Ishmail* (1978), 54 Ohio St.2d 402, 406, 8 O.O.3d 405, 377 N.E.2d 500 (a reviewing court is limited to the record made of the proceedings in the trial court). *Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028, 959 N.E.2d 516, at ¶ 34.

**{¶ 25}** The Supreme Court further stated that:

We take this opportunity to specify that the holding in *Special Prosecutors* does not bar the trial court's jurisdiction over posttrial motions permitted by the Ohio Rules of Criminal Procedure. These motions provide a safety net for defendants who have reasonable grounds to challenge their convictions and sentences. The trial court acts as the gatekeeper for these motions and, using its discretion, can limit the litigation to viable claims only. *Id*. at ¶ 37.

**{¶ 26}** Accordingly, based on our prior decision in *Lauharn*, the appeal must be dismissed for lack of a final appealable order, insofar as it pertains to Wilson's attempt to withdraw his pleas to Murder and Felonious Assault for the murder of his wife, Marny Wilson. The motion remains pending in the trial court, because the court lacked jurisdiction over the motion while Wilson's appeal was pending.

**{¶ 27}** In view of this holding, we will not discuss the State's contention that the

motion was properly denied. This is a determination to be made by the trial court in the first instance, after the court has examined the materials filed in support of the motion and has weighed the credibility of the factual materials supported. "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph two of the syllabus. We are in the position of conducting appellate review, and the initial decision as a "gatekeeper" is not ours to make.

{¶ 28} We note, however, that Wilson did not appeal from the conviction and sentence for Involuntary Manslaughter that involved a different victim. *Wilson*, 2d Dist. Montgomery No. 24975, 2013-Ohio-1076, at ¶ 1. The trial court would have had jurisdiction to consider the motion to withdraw, to the extent that it involved this plea. *See State v. Tekulve*, 188 Ohio App.3d 792, 2010-Ohio-3604, 936 N.E.2d 1030 (1st Dist.) In *Tekulve*, the First District Court of Appeals noted that:

[W]hile there is no jurisdictional bar to a trial court's entertaining a postsentence Crim.R. 32.1 motion where there has been no appeal, the doctrine of res judicata does bar a defendant from raising in that motion those matters that "could fairly [have] be[en] determined" in a direct appeal from his conviction, without resort to evidence outside the record. Thus "the doctrine of res judicata is applicable only where issues could have been determined on direct appeal without resort to evidence outside the record." But a defendant who has not taken a direct appeal from his conviction is not barred from raising in his

motion matters that depend for their resolution upon outside evidence. (Footnotes and citations omitted.)  *Id*. at ¶ 5.

**{¶ 29}**   To this extent, we could discuss the State's contention that the trial court properly denied Wilson's motion to withdraw on its merits, insofar as it involved the plea that Wilson did not appeal.   However, we decline to do so, because Wilson's motion involved both pleas and did not factually separate issues pertaining to either set of pleas.   Accordingly, resolution of this matter would be better addressed by the trial court's consideration on remand.

**{¶ 30}**   Accordingly, to the extent the appeal involves the denial of the motion to withdraw the pleas to the Murder and Felonious Assault charges, the appeal will be dismissed for lack of a final appealable order.   To the extent the appeal involves the denial of the motion to withdraw the plea to Involuntary Manslaughter, Wilson's assignment of error is sustained in part, and the judgment of the trial court will be reversed.

### III.   Conclusion

**{¶ 31}**   Wilson's sole assignment of error having been sustained in part, the judgment of the trial court is reversed in part, and is remanded to the trial court for further proceedings. The part of the appeal pertaining to the denial of Wilson's motion to withdraw his pleas to Murder and Felonious Assault is dismissed for lack of a final appealable order.

. . . . . . . . . . . . .

DONOVAN, J., concurs.

FROELICH, P.J., concurring:

**{¶ 32}**   I concur with the judgment and write separately only to try to clarify a

jurisdictional question that may arise in other fact scenarios.

**{¶ 33}** The Supreme Court's statement in *Davis* that "the trial court acts as the gatekeeper for these motions" (i.e., "post-trial motions permitted by the Ohio Rules of Criminal Procedure") presumes that the trial court has the jurisdiction and authority to consider them as long as the direct appeal is not pending - how else would the trial court have the power to decide what gets past the gate?

**{¶ 34}** Thus, I disagree with *Tekulve* from the First District if it holds that jurisdiction to entertain a post-sentence Crim.R. 32.1 motion only exists if there has been no resolved appeal. While res judicata might result in a denial of the R. 32.1 motion, a trial court's denial on res judicata grounds is, almost by definition, an exercise of its jurisdiction.

**{¶ 35}** I would hold that while a direct appeal of a judgment is pending, a trial court does not have jurisdiction to rule on a motion to withdraw the plea that resulted in that conviction. Once the appeal is resolved, the trial court has jurisdiction to consider such a motion including, as appropriate, the applicability of the doctrine of res judicata.

. . . . . . . . . .

Copies mailed to:

Mathias H. Heck
Carley J. Ingram
George A. Katchmer
Hon. Gregory F. Singer